Parker, C. J.
The matter suggested in the first plea of the defendant, viz., the death of Buckminster, is not, of itself, * a sufficient answer to the writ; because, he having died after the judgment, execution might have been awarded against him, and against the trustee, unless the estate were insolvent. If it were, and so represented, then, by analogy to attachments, which, by the statute of 1783, c. 59, § 2, are to be void, the process against the trustee would be at an end, and the executor or administrator would be entitled to the goods and effects, to distribute among all the creditors, (a) But by the demurrer to the replication in this case, it is admitted that the estate has not been represented insolvent; so that the judgment creditor would have the right to pursue the trustee to execution, if he did not expose the goods of the principal in his hands.
But the second plea in bar discloses a sufficient defence to the action. It states that no execution was ever taken out against the principal, or against his goods, effects, and credits, in the hands of his trustee.
By the 5th section of the act which gives this process, (2) it is made the duty of the Court, when judgment is rendered against the principal, to award execution against him, and against his goods, effects, and credits, in the hands and possession of the trustee; and a form of execution, corresponding with this provision, is prescribed.
By the 6 th section it is provided that, when such execution is returned unsatisfied, by reason of the trustee not discovering and exposing sufficient goods, &c., the plaintiff may sue out scire facias against the trustee. By the 11th section, when a trustee, after his examination, and before judgment against his principal, shall die, the executor or administrator of such trustee shall be answerable to do whatever the trustee himself was liable to do.
From these several provisions it is clear that a scire facias against the trustee must have, for its foundation, an execution against the *422 principal and against the trustee, as prescribed; and a return of such execution unsatisfied, for the reason expressed in the statute ;—■ the intent of the legislature being, that no trustee shall be held personally liable *on execution, until he has had opportunity to discharge himself, by exposing the goods of the principal which may be in his hands, or by paying over the money which he may admit to be due.
And the same indulgence is due to the executor or administrator of the trustee, who, being called upon in autre droit, ought to be subject to no greater inconvenience than the deceased trustee would have been. The statute requires of the executor or administrator only what the trustee would have been answerable for; and he by the law is answerable for nothing upon scire facias, until he has been called upon by an execution on the original judgment.
Whether, as the trustee in this case died after the judgment against the principal, the remedy against him or his executor is not gone, may be a question. We are inclined, however, to think that, by the plain equity of the statute, the same remedy may be had as in the case, expressly provided for, of his dying before. The object of the 11th section of the statute was, to give the creditor a right to pursue his remedy against the executors and administrators of the trustee, in case of his death after having been examined, viz., to take execution against, the principal and against them ; and after a return of it unsatisfied, to proceed against them by scire facias.
But whether this be so or not, which it is unnecessary to decide in the present case, we are all clear that, for want of an execution against the principal and his trustee, this scire facias cannot be maintained. (3)
The replication to the defendant’s first plea in bar is adjudged bad; and the defendant’s second plea in bar is adjudged good and sufficient.

 Stanwood vs. Scovill & Tr. 4 Pick. 423. — Bullard vs. Dame. 7 Pick. 239.

 Stat. 1794, c. 65.

 Vide 7 Mass. Rep. 254. — 9 Mass. Rep. 209.