## GEORGE KINGMAN *vs.* HENRY C. COWLES.

The mode of authenticating records of the courts of other states prescribed by the U. S. Sts. of 1790, c. 11, and 1804, c. 56, is not exclusive; and, under the Gen. Sts. c. 131, § 61, a copy of the record of the court of a territory may be introduced in evidence, although it does not bear the certificate of the judge that the clerk's attestation thereto is in due firm.

Under the Gen. Sts. c. 131, § 61, a copy of the record of a court of a territory, bearing the seal of the court and the certificate of the clerk, is admissible in evidence, although the certificate does not state that the clerk has custody of the records.

CONTRACT upon a judgment recovered by the plaintiff against the defendant in the district court of the second judicial district of the territory of Nebraska.

At the trial in the superior court, before *Dewey*, J., the plaintiff offered in evidence "a document called a judgment roll, purporting to contain a copy of the record of the proceedings of the court wherein the judgment declared on was rendered, attested by the clerk, and with the seal of the court attached." The certificate of the clerk was as follows: "Territory of Nebraska, County of Otoe, ss. I, Rienzi Streeter, clerk of the second judicial district court within and for said county, do hereby certify that the foregoing is a full, true and complete transcript of the whole record in the case of George Kingman against Henry C. Cowles, as the same remains of record on file in said court. In testimony whereof I have hereunto set my hand and affixed the seal of said court at office in Nebraska City, in said county, this 29th day of December, A. D. 1866. Rienzi Streeter, Clerk."

The defendant objected that the copy of the record thus offered was inadmissible, "for the reason that it was not accompanied with a certificate annexed thereto, from the judge or presiding magistrate of the court wherein the judgment was alleged to have been rendered, showing that the attestation of the clerk was in due form, and for the further reason that the certificate of attestation of the clerk, attached to the same, was not in due form, and did not show that the person signing the same had charge of the records of the court;" but the judge admitted the copy. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*I. H. Wright*, for the defendant.

*R. D. Smith*, for the plaintiff.

WELLS, J. The statutes of the United States, 1790, *c.* 11 and 1804, *c. 56*, passed in pursuance of the Constitution, art. 4, § 1, require that records, authenticated in the manner therein prescribed, shall be admitted in all courts within the United States, and have full faith and credit therein. Neither the Constitution nor the statutes forbid the states from authorizing the proof of records in other modes, in their own courts. The statute of Massachusetts, Gen. Sts. *c.* 131, § 61, has provided another mode. It is not in conflict with the law of the United States, but simply omits one requisite which that law prescribes. It does not require a certificate of the judge that the attestation of the clerk to a copy of a record of the court is in due form. The objection, therefore, that the copy of the judgment roll offered in evidence in this case did not bear the certificate of the judge of the court, cannot be sustained.

The authentication conforms in all respects to the requirements of our statute. It bears the seal of the court and the certificate of the clerk. The clerk is the proper custodian of the records; and the seal of the court attached to his certificate attests the possession of the record in the person who certifies. Records so certified are always received as true, *primâ facie*, without proof in the first instance of their genuineness or of the official character of the person who assumes to act in such official capacity. *Buttrick* v. *Allen*, 8 Mass. 273. *Commonwealth* v. *Chase*, 6 Cush. 248. 1 Greenl. Ev. § 503. *Chamberlin* v. *Ball*, 15 Gray, 352. *Webber* v. *Davis*, 5 Allen, 393. *Commonwealth* v. *Connell*, 9 Allen, 488.

When any other officer than the clerk or prothonotary makes the certificate, it may be necessary that it should be made to appear, by the certificate, that the officer certifying has charge of the records. But the clerk is presumed to have such charge, and therefore his certificate to that effect is unnecessary.

*Exceptions overruled.*