JAMES DAILEY & another *vs.* THOMAS COLEMAN.

Bristol.   Oct. 24, 1876. — Feb. 28, 1877.   DEVENS & LORD, JJ., absent

On a writ of *scire facias* against a trustee, brought more than sixty days after the date of the execution in the original action, it appeared that the execution had never been returned into the clerk's office. The officer to whom the execution was delivered was permitted to testify that he made a demand on the trustee within thirty days; that the trustee replied, that he had no funds; that he never drew any return on the execution, but returned it, as he thought, within sixty days of its date, to the plaintiff's attorney; that he had not since seen it, but had made diligent search for it. The judge, who tried the case without a jury, ruled that the

plaintiff could prove the necessary facts in this way, and that the plaintiff could maintain the action. *Held,* on exceptions, that it must be assumed that the judge found as a fact that the execution was lost; and that, if so, the ruling was correct.

SCIRE FACIAS upon a judgment recovered by the plaintiffs against the defendant in a trustee process, in which he was sum·moned as trustee of Francis Hye. Writ dated June 25, 1875. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows :

· The plaintiffs produced the record of the original action, by which it appeared that, though execution was duly issued on April 28, 1874, it had never been returned into the clerk's office. They then called the officer who served the execution, and he was permitted to testify, against the defendant's objection, that he received the execution within a short time after it was issued, and within thirty days thereafter made demand on the defend-ant for property in his hands belonging to Hye ; that the de-fendant replied, " No funds," or words equivalent thereto ; that he never drew any return on the execution whatever, but re-turned it, as he thought, within sixty days from its date, to the plaintiffs' attorney ; and that he had not since then seen the ex-ecution, but had made diligent search for it. This was all the testimony in reference to the execution and its return.

The defendant asked the judge to rule that a writ of *scire facias,* being a judicial writ, must follow the record, and that the plaintiffs could not by parol evidence make out a deficient record so as to ground their action. But the judge ruled that it was competent for them to show the facts as testified to by the officer, and that this was sufficient to maintain the action.

Judgment was ordered for the plaintiffs ; and the defendant alleged exceptions.

*H K. Braley,* for the defendant.

*J M. Morton, Jr.,* for the plaintiffs.

AMES, J. The defendant was adjudged a trustee in the orig-inal action. He has not paid over to the officer upon demand anything whatever to be applied in satisfaction of the execution. The period when it should have been returned had long since expired, and there is no suggestion that it had been satisfied in any other manner. According to the strict letter of the statute, all the conditions which it prescribes, as necessary preliminaries

to the issue of this writ of *scire facias* against the trustee, had been fulfilled. Gen. Sts. *c.* 142, § 39. *Cheney* v. *Whitely*, 9 Cush. 289, 291.

It is true that the regular and appropriate evidence of the refusal or neglect of the trustee, when called upon, to pay upon the execution, is the officer's return. Where the return is lost or destroyed, so that it cannot be produced, secondary evidence of its contents may be received. In the case at bar, there was no such return, and we must assume that it was found as a fact in the case that the execution was lost or destroyed, so that no return can now be indorsed upon it. But if the fact which might be proved by a formal return upon the execution, if it had not been lost, can legally be proved in any other mode, the evidence admitted at the trial was sufficient for that purpose.

It was decided in *Adams* v. *Cummiskey*, 4 Cush. 420, that, although the provisions of the Rev. Sts. *c.* 109, § 38, which are substantially identical with the above cited section of the Gen. Sts., did not in terms require that the execution must be returned before the plaintiff could lawfully sue out a writ of *scire facias* against the trustee, yet his default could only be shown by the officer's return upon the execution, and such return was an indispensable preliminary. But that was not a case in which the execution had been lost so that it could not be produced, and no question as to the admissibility of secondary evidence was considered. It was an attempt to maintain a writ of *scire facias*, issued upon a return made before the execution had become returnable. The writ was sued out in that case within less than thirty days after the date of the execution, and the court held that the *scire facias* was unseasonably and improperly issued, because the execution, being still in force notwithstanding such premature return, might be otherwise satisfied without requiring the funds held by the trustee. There was nothing in the case that called upon the court to decide what circumstances would excuse the want of a formal return, or what would be the effect of proof that the execution had been lost or destroyed, so that such a return had become physically impossible. The only conclusion that can be said to have been established by that decision is that an unseasonable and insufficient return will not justify the issue of a *scire facias* while the execution is in force and not yet returnable.

In *Patterson* v. *Patten*, 15 Mass. 473, which is cited on behalf of the defendant, no execution had ever been issued against the trustee, and the case differs widely from that under consideration.

Our conclusion is, that neither the terms of the statute, nor any construction which has been put upon them by the court, make it imperative upon us to hold that the disappearance of the execution, whereby it has become impossible that it can be formally returned, shall be necessarily fatal to the creditor's title. Within the spirit of the rule allowing the admission of secondary evidence where, without fault on the part of the party offering it, the original evidence cannot be had, we think the testimony of the officer was properly admitted. 1 Greenl. Ev. § 84. *Nelson* v. *Boynton*, 3 Met. 396. *Ryan* v. *Merriam*, 4 Allen, 77. *Commonwealth* v. *Roark*, 8 Cush. 210. *Pruden* v. *Alden*, 23 Pick. 184. *Pease* v. *Smith*, 24 Pick. 122.

*Exceptions overruled.*