CHICAGO TITLE AND TRUST COMPANY *vs.* F. DEWITT SMITH.

Hampshire.    September 28, 1903. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Conflict of Laws.   Judgment,* Of court of other State.   *Practice, Civil,* Exceptions.

When one is sued here on a judgment obtained in another State, the defences open to him are to be determined by the law of this Commonwealth and not by the law of the State in which the judgment was obtained.

In an action here on a judgment obtained in another State the defendant may plead and prove in defence that he was not served with process and did not authorize an appearance in his behalf in the action in which the judgment was obtained, and the fact, that the defendant was a citizen of the State where the judgment was obtained when the action there was brought, is immaterial.

No exception lies to the exclusion by a presiding judge of a non-responsive answer of a witness to an interrogatory in a deposition, although the deposition was taken in behalf of the party objecting to the answer.

CONTRACT, on a judgment of the Superior Court for the county of Cook in the State of Illinois. Writ dated November 11, 1901.

In the Superior Court the case was tried before *Holmes*, J., without a jury. He found for the defendant; and the plaintiff alleged exceptions.

The principal question raised by the exceptions is stated in the opinion. The other question related to the exclusion of a part of an answer of George Sawin, a lawyer of Chicago, examined by deposition in behalf of the defendant. The question was as follows: "Was said F. DeWitt Smith [the defendant] ever notified of the case of Steele *vs.* the Chicago Paper Manufacturing Company, or served with any process in said case as far as you know?" The answer was "Yes, sir. He was so served, as he told me." The defendant asked the judge to exclude so much of the deponent's answer as stated that the defendant told him that he had been served with process in the original bill on the ground that that part of the answer was not called for by the interrogatory. The judge ordered that part of the answer excluded, and the plaintiff excepted.

*J. A. Wainwright*, for the plaintiff.

*J. C. Hammond & H. P. Field*, for the defendant.

BARKER, J. The plaintiff, as receiver of the Chicago Paper Manufacturing Company, an Illinois corporation, seeks to recover upon an alleged judgment rendered in the Superior Court of Cook County, Illinois, on July 3, 1901, in an action begun on October 3, 1890, in favor of the plaintiff as such receiver, whereby that court adjudged and decreed that the plaintiff as such receiver recover of and from the defendant the sum of $17,922.19, and that execution issue therefor against the defendant.

The present action was begun on November 11, 1901, and was heard by the court without a jury, with a finding for the defendant on July 29, 1903. A memorandum of the presiding judge filed on the same date shows that he found that the Illinois judgment was invalid because the defendant was not served with process in the Illinois suit and that the appearance entered for him was not authorized or ratified by him, so that the Illinois court had no jurisdiction to enter judgment against him therein, although he then was a citizen of Illinois. Before

the judgment was entered the defendant had removed from Illinois, and when the judgment was entered he was a resident of New York.

The case is here upon exceptions to the introduction of evidence by the defendant tending to show that he never was served with process in the Illinois suit and never knew of or authorized any appearance for himself therein. There is also an exception to the striking out of a part of a reply of a witness to a question put to him in taking his deposition.

1. The principal contention of the plaintiff is that, because the defendant was a citizen of Illinois he can contest the validity of the judgment only by proceedings for its review in the courts of the State where it was rendered. The record contains no evidence of the law of Illinois, and it well may be that by that law the defendant, if sued in Illinois upon the judgment, could defend by showing that he had not been served with process and had not entered or authorized an appearance. But if we assume that by the law of Illinois a judgment debtor in a judgment obtained there has no remedy when sued there upon the judgment but by proceedings to review or annul the judgment, when the same judgment debtor is sued here upon the judgment his defences here are not regulated by the law of Illinois but by the law of Massachusetts. When brought into our courts he has a right to have the same law administered which our courts give to our own citizens or to those of any other State.

When a judgment debtor is sued here upon a judgment the defences open to him depend upon the fact as to where the judgment was entered. If in our own courts the defence of want of service and that he never appeared is not open, and usually can be availed of only by proceedings to revise or annul the judgment. *Hendrick* v. *Whittemore*, 105 Mass. 23. *McCormick* v. *Fiske*, 138 Mass. 379. The only exception, made after the adoption of the fourteenth article of the Amendments of the Constitution of the United States, is that a non-resident of Massachusetts against whom a judgment *in personam* has been rendered here who neither was served personally with process nor appeared in the action in which the judgment was entered is not obliged when sued here upon the judgment to resort to a

writ of error to reverse it. *Needham* v. *Thayer*, 147 Mass. 536. See *Eliot* v. *McCormick*, 144 Mass. 10.

But when the judgment sued on here is not a domestic judgment, and is one rendered in another State or jurisdiction, the defendant may plead and prove that he was not duly served with process and did not authorize an appearance in the action in which the judgment was entered. *Gilman* v. *Gilman*, 126 Mass. 26. *Wright* v. *Andrews*, 130 Mass. 149.

In *Finneran* v. *Leonard*, 7 Allen, 54, the judgment was a domestic one, and in *Engstrom* v. *Sherburne*, 137 Mass. 153, the defendant appeared in the Nevada court.

The defendant in the present instance is within our rule which governs whenever foreign judgments are sued on in our courts and the evidence excepted to was admitted rightly.

2. The part of the answer of the witness excluded under the plaintiff's exception was not responsive to the question. For that reason it was excluded rightly.

*Exceptions overruled.*