THOMAS HINDLE *vs.* BRIDGET HEALY, executrix.

Bristol.    October 25, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Evidence,* Best and secondary, Relevancy and materiality. *Practice, Civil,* Conduct of trial, Requests and rulings, Judge's charge, Exceptions.

At the trial of an action of contract upon an account annexed for the price of lumber alleged to have been sold to the defendant by the plaintiff, the defendant contended that the lumber was sold to one S. and not to the defendant, and desired to ask a witness whether he saw a writ in an action brought by the plaintiff before the action which was being tried, in which S. was named as defendant and the defendant in the action being tried was named as trustee. It was not stated what answer to the question was expected, nor was there any offer to show that the writ had been lost or destroyed. It appeared that it had not been returned into court. The presiding judge excluded the question. *Held,* that the exclusion was proper, since the writ itself was the best evidence, and its absence was not accounted for.

An exception to the admission of a question to and answer by a witness at a trial. will not be sustained if it appears that the witness previously at the same trial had testified to the same effect without objection by the excepting party.

At the trial of an action of contract for the price of lumber alleged to have been

sold by the plaintiff to the defendant, the defendant contended that the lumber was sold, not to the defendant but to S., and the plaintiff contended and introduced evidence tending to show that S. applied to him for lumber to use in building a house for the defendant, that at that time S. was unknown to him, that he had conversations with the defendant and his son, the defendant's agent, and the son had told him of difficulties in which S. was, that therefore he had agreed to sell the lumber, not to S. but to the defendant. The plaintiff against objection by the defendant was allowed to ask S. upon cross-examination, " You had nothing in your own name ? " S. answered " No." *Held,* that the question and answer properly were admitted in evidence as bearing directly upon the issue whether credit was given to S. or to the defendant.

An exception to the refusal of a presiding judge to make certain rulings will not be sustained although the rulings requested were correct statements of the law and were germane to the issues of the case, if in his charge to the jury the judge in substance although not in terms stated the law in accordance with the rulings requested.

A commissioner, who was appointed by this court to hear the parties and report the facts in relation to a petition by a defendant to establish exceptions taken by him at the trial of an action, reported that at the hearing before him the defendant presented a new draft of his bill of exceptions, to which the plaintiff made no objection, and that the commissioner thereupon found the new draft to be correct and to contain " all the exceptions which were properly saved in the original bill, and only such as were properly saved in that bill." After the filing of the report, the commissioner filed what he entitled a "supplementary report," not stating that the matter contained in it formed part of the bill of exceptions. This " supplementary report " he began with the words, " If I am allowed to do so, I herewith present a supplementary report in the above case," and in it he made a quotation from the report of the official stenographer at the trial which seemed to show that the presiding judge, in a colloquy with counsel after his charge, had stated that he had told the stenographer to cross out a· certain portion of his charge which was in accordance with a request of the defendant for a ruling. In his original report the commissioner had stated that, subject to exceptions by the defendant, the defendant's requests for rulings were refused except as such rulings were given in the charge. In his " supplementary report," the commissioner stated that the parties disagreed as to whether the colloquy, which took place before the jury had retired, was heard by the jury. The defendant did not except to the alleged final statement of the presiding judge. *Held,* that the question whether the rule of law as contended to have been stated finally by the judge, contrary to the request made by the defendant, was correct, was not before this court.

CONTRACT, upon an account annexed containing one hundred and fifty-eight items of lumber alleged to have been sold to the defendant by the plaintiff. Writ dated October 4, 1905.

The case was referred to Benjamin Cook, junior, Esquire, as auditor. He found " that the plaintiff sold the goods stated in the account annexed on the sole credit of the defendant and sold them to the defendant," and that the account annexed was a true statement.

The case was tried before *Raymond*, J. The plaintiff introduced the auditor's report in evidence and rested. The defendant's contention was that the plaintiff sold the goods to one Saucier and that the defendant at most merely agreed orally to see that Saucier paid the account, and he relied on the statute of frauds and introduced in evidence a letter from the plaintiff to Saucier stating " I am sorry to inform you that I can't let you have any more stock before I receive some money. I saw Mr. Healy and did not get much satisfaction from him." He also introduced in evidence a bill of sale from the plaintiff bearing the heading " Mr. Elzear Saucier bought of Thomas Hindle, Lumber Dealer," and a page of the plaintiff's ledger showing the items which were in the account annexed, and which had the name of Elzear Saucier at the top of the page.

The defendant also called as a witness one Catherine Barrington, and asked her the following questions, all of which, upon objections by the plaintiff and subject to exceptions by the defendant, were excluded: Q. " Did you see a writ of a suit brought by Thomas Hindle against Elzear Saucier in which Thomas Healy was named as trustee, prior to March, 1900 ? " Q. " Did you see a writ of a suit brought by Thomas Hindle against Elzear Saucier in which Thomas Healy was named as trustee for the collection of this same money ? " Q. " Did you see a writ for a suit brought by Thomas Hindle against Elzear Saucier in which Thomas Healy was named as trustee prior to March, 1900 ? " No statement of the answers expected to these questions was made by the defendant.

The substance of a part of the plaintiff's testimony was that Saucier, whom previously he had not known, had come to see him about some lumber to use in building houses for the defendant, that he went to see the defendant, and told him of his interview with Saucier. " I told him I wasn't acquainted with Saucier, and he said he would pay the bill; 'let Mr. Saucier have what he needed for the different jobs he was going to work on and he would pay the bill.' " He also testified that the defendant referred him to his son John E. Healy as his agent, that he interviewed the son, who told him that Saucier was in difficulties so that " he couldn't get his lumber from any other yard. . . . 'So I agreed with him, on condition that he would

pay the bill — he and his father — to furnish the material, and he was going to arrange it so that nobody could harm us in any way, and I left him feeling that everything was all right. He told me to bring the bill for lumber to him. I asked him at the time whether I should charge it to Mr. Saucier or to Mr. Healy. He said, ' Charge it to Saucier. Let him have all he wants for the building and leave him the bill.' "

Evidence of the defendant controverted that of the plaintiff.

At the close of the evidence, the defendant asked the presiding judge to make certain rulings, the substance of which is stated in the opinion. Except as stated in the opinion, the requests were refused, and the defendant excepted.

The defendant also excepted to the following portion of the charge of the presiding judge, as being in violation of R. L. c. 173, § 80 :

" Considerable has been said about the fact that the goods were charged to Mr. Saucier, and that demands were made on Mr. Saucier by the plaintiff. That is to be weighed by you just the same as the other testimony is to be weighed but it is not a controlling consideration. You heard the testimony as to the method of doing business there. It is a lumber yard. The plaintiff is out in the yard or about the city, and he has a book-keeper and he has a yard man, according to the testimony in the case, and he makes an agreement with an individual with reference to the sale of lumber. The bookkeeper makes the charges ; the bookkeeper charges it to the man to whom the lumber is delivered. You will see that that is not a controlling consideration as to whether or not the actual credit was given to Mr. Healy, with whom the plaintiff testifies that he had certain talk constituting an agreement. If you find that there was that independent talk with Mr. Healy, or with John E. Healy after his father had referred the lumber dealer to John E. Healy, and that he gave credit in consequence of that talk, then the plaintiff would be entitled to a verdict, and the verdict would be in the sum set forth in the auditor's report, and at the bottom of this long bill of items."

The jury found for the plaintiff ; and the defendant alleged exceptions which were disallowed by the presiding judge as not being in conformity with the truth. The defendant thereupon

filed in this court a petition to establish his exceptions, and William H. Fox, Esquire, was appointed a commissioner, before whom the defendant presented a new draft of the exceptions to which the plaintiff did not object.

After the commissioner had filed his report, he filed another document, material portions of which are stated in the opinion, beginning, " If I am allowed to do so, I herewith present a supplementary report in the above case, after having given a hearing on the matter to both parties."

While the case was pending, the defendant died and the executrix of his will was admitted as defendant.

Other facts are stated in the opinion.

*D. R. Radovsky*, for the defendant.

*E. Higginson*, for the plaintiff.

MORTON, J.  This case comes here on the defendant's exceptions to the admission and exclusion of evidence, and to the refusal of the presiding judge to give certain rulings that were requested.

1. The first exception is to the exclusion of questions put on direct examination by the defendant to the witness Barrington as to whether she had seen a writ in an action brought by the plaintiff against Saucier in which Thomas Healy was named as trustee.  If such a writ had been issued, the writ itself or the record, if it had been returned to court, was the best evidence. No offer was made to show that the writ had been lost or destroyed.  For aught that appeared it was still in the possession of the attorney who filled it out, or of the officer in whose hands it had been placed for service, if the matter had gone as far as that.  The statement by the defendant's counsel which appears in the supplementary report, assuming that it is a part of the bill of exceptions, that the writ was not returned into court because Saucier filed a petition in bankruptcy before the return day, was not sufficient to let in secondary evidence.  See *Nelson* v. *Boynton*, 3 Met. 396 ; *Hackett* v. *King*, 6 Allen, 58 ; *Dailey* v. *Coleman*, 122 Mass. 64 ; *Baker* v. *Pike*, 33 Maine, 213, 214.  Furthermore, it did not appear what the answers to the questions or any of them would have been.

2. Saucier was called as a witness by the defendant, and the plaintiff was allowed to ask him on cross-examination sub-

ject to the defendant's exception, "You had nothing in your own name?" and he answered, "No, sir." The witness had already testified to the same effect and no harm therefore was done by the question and answer. Independently of that the question was properly allowed as bearing directly on the principal issue in the case, namely, whether credit was given to Saucier or Healy. *Lee* v. *Wheeler*, 11 Gray, 236, 239.

3. The exception to the exclusion of the question "Was Mr. Healy supposed to give you the money to pay for the lumber?" has not been argued and we treat it as waived. What Mr. Healy was supposed to do was utterly irrelevant and immaterial.

4. The first request that upon all of the evidence the defendant was entitled to recover has not been argued, and it is plain that it was rightly refused.

The defendant's requests, numbered 4 to 8 inclusive, presented in different forms the proposition that in order to recover the plaintiff must show that credit was given to Healy alone, and that if credit was given to Saucier, or to Saucier and Healy, or to Saucier with Healy as guarantor, or as agreeing to be responsible, then the plaintiff could not recover. The judge did not give these requests in terms, but instructed the jury that the burden rested on the plaintiff to establish his case by a fair preponderance of the evidence; that he had to prove that "the credit on furnishing the goods was given to Healy and to Healy alone"; that if credit was given to Saucier, then their verdict should be for the defendant; and that that must likewise be so if credit was given to Saucier with Healy as guarantor. As the matter was thus left, it is plain, it seems to us, that the jury must have understood that they could not render a verdict for the plaintiff unless they found that credit was given to Healy alone, and that if they found that credit was given to Saucier with Healy as guarantor or as responsible for what was furnished to Saucier, then their verdict should be for the defendant.

The only doubt in regard to this matter arises from what appears in the supplementary report. After the commissioner had filed his report in regard to the exceptions, he filed another report termed a supplementary report, containing two quota-

tions from the stenographer's report, — both made at the request of the defendant. The first quotation has been already referred to in connection with the first exception. The second quotation was to the effect that immediately after the charge counsel for the plaintiff addressed the court, saying that he did not know how the charge left the matter of credit to both, and that he wished to except to so much of the charge as instructed the jury that if credit was given to both the plaintiff could not recover. Thereupon the presiding judge stated that he had "expressly said that was not so," and had "asked the stenographer to cross it out and said expressly that was not the law." And upon counsel for the plaintiff saying, "I understood your Honor to cross out part of it," the judge added "Yes, that was all crossed out, 'if credit were given to both.' It would be possible, if credit were given to both, still to find for the plaintiff. When I said it was not possible, I withdrew it."

It is doubtful whether what is contained in the supplementary report forms a part of the bill of exceptions. There is no finding by the commissioner that it does. On the contrary in his original report he expressly stated that the "new draft" presented by the defendant, which he finds is correct and to which the plaintiff made no objection, "contains all the exceptions which were properly saved in the original bill, and only such as were properly saved in that bill." Neither does it appear that, though spoken in the court room before the jury retired, what was said was heard or was intended to be heard by the jury.* Nor does it appear that any exception was taken by the defendant to the final statement by the presiding judge of the rule of law. There is nothing in the bill of exceptions as established by the commissioner in his first report, or in the charge therein contained, to show that what is above stated took place, or that there was any modification of the charge. We are unable to see, therefore, how any question as to the correctness of the rule there finally laid down is before us, or if it is, how the defendant was

---

* The commissioner stated, in the so called "supplementary report," "It is agreed that these remarks were made in the court room before the jury retired. Counsel for the defendant insists that they were spoken within the hearing of the jury. Counsel for the plaintiff does not admit that they were heard or were intended to be heard by the jury."

harmed by what was said. We do not mean to imply anything one way or the other in regard to the correctness of the rule.

The other requests were rightly refused.

There was nothing in the charge obnoxious to R. L. c. 173, § 80.

*Exceptions overruled.*