SIMON G. ROBINSON *vs.* HARRY FREEMAN.

Bristol. October 25, 1920. — November 22, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Judgment,* Foreign. *Jurisdiction. Evidence,* Presumptions and burden of proof.

There is a presumption in favor of the regularity of the proceedings of any court of general jurisdiction.

Where, at the trial of an action upon a judgment of a court of the State of New York of general jurisdiction, the plaintiff introduces in evidence under R. L. c. 175, § 71, a properly attested and duly authenticated record of the judgment, which included a return under oath of a person who made service on the defendant, and there is evidence that the plaintiff's father-in-law served upon and read to the defendant a paper prepared by the plaintiff's counsel summoning the defendant into court and there is no evidence that under the law of the State of New York such service was insufficient to give the court jurisdiction, the presumption in favor of the judgment of the New York court is not overcome as a matter of law and the recitals of the record of the judgment as to service upon the defendant were properly considered.

CONTRACT upon a judgment of a court of the State of New York. Writ in the Second District Court of Bristol dated October 22, 1918.

On appeal to the Superior Court, the action was tried before *Raymond, J.* Material evidence is described in the opinion. The jury found for the plaintiff in the sum of $518.84; and the defendant alleged exceptions.

The case was submitted on briefs.

*D. R. Radovsky,* for the defendant.

*L. Shabshelowitz,* for the plaintiff.

CROSBY, J. This is an action on a judgment rendered by a court in the State of New York against the defendant. Although the record of the judgment is not before us, the bill of exceptions recites that it was introduced in evidence and that it contained a return under oath by the party who made service on the defendant. No objection was made to the introduction of the record.

It is not controverted that the judgment was rendered in a court of general jurisdiction. There is a presumption in favor of the regularity of the proceedings of any court of general jurisdiction. *Rand* v. *Hanson,* 154 Mass. 87. *American Tube & Iron Co.* v. *Crafts,* 156 Mass. 257.

The defendant excepted "to the judge's charge to the effect that the fact that the papers show that service was made is to be considered as evidence that service was made."

While there is a presumption in favor of the jurisdiction arising from the action of the court, it is always a defence to an action on a judgment to show that the defendant was not a resident of the State in which the judgment was rendered and that no proper service was made on him there. *Rand* v. *Hanson, supra. Galpin* v. *Page,* 18 Wall. 350. The record in the case at bar shows there was evidence that the father-in-law of the plaintiff served upon the defendant a paper which was prepared by the plaintiff's New York counsel; "that the paper was read to the defendant which paper summoned the defendant into court." The defendant denied that such paper was served upon him. "There was no evidence offered by the defendant that the alleged service by the father-in-law was ineffective, improper or contrary to the laws of New York State." The statute law of the State of New York was not offered in evidence, and there is nothing to show whether a person other than a public officer is qualified to serve civil process. It was in evidence, however, that the record of the judgment contains the return under oath of the person who made

the service and that the defendant was summoned to appear. It is not denied that the record was duly attested and authenticated. R. L. c. 175, § 71.

The defendant, upon whom the burden of proof rested to show that service of civil process made by a person other than a public officer was invalid in the State of New York, offered no evidence to that effect. He therefore failed to prove that the court was without jurisdiction. The presumption in favor of jurisdiction arising from the action of the court accordingly has not been overcome, and the record of the judgment having been admitted without objection, its recitals were proper to be considered, and the judge so instructed the jury.

*Exceptions overruled.*