PORTLAND MAINE PUBLISHING CO. *vs.* EASTERN TRACTORS CO., INC.

Middlesex.   November 6, 1933. — January 2, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence*, Court record of another State, Nonjudicial record of another State, Of identity, Foreign law, Judicial notice, Presumptions and burden of proof.

At the trial of an action upon a judgment alleged to have been recovered in proceedings in another State, a copy of the court record there, in which was recited the entry of judgment in the plaintiff's favor and which was authenticated by the purported signature of the clerk of the court under its seal, was admissible in evidence, notwithstanding that

(1) It bore no certificate of the judge of the court that the clerk's attestation was in due form or that the person signing as clerk in fact held that office: even if the copy did not comply entirely with the requirements of U. S. Rev. Sts. § 905, it did comply with those of G. L. (Ter. Ed.) c. 233, § 69, under which no such certificate is necessary;

(2) The clerk's certificate on it did not bear the date when it was signed by him;

(3) It merely described the proceedings in the other State as an "Action on account": that was an adequate statement of the subject matter of those proceedings;

(4) There was nothing in the copy to show service of process on the defendant in those proceedings other than a recital in the copy that such service was made on a certain date: such recital was *prima facie*, although not conclusive, evidence of service.

In the action above described, the defendant did not plead insufficiency of service of process in the original action in the other State, and it

was *held*, that the recital of service in the copy of the court record admitted in evidence warranted findings that service was made upon the defendant in the original action and that the court of the other State thus acquired jurisdiction of the defendant.

The defendant in the action above described was a corporation. The corporate name stated in the writ and that stated in the copy of the court record in the other State were identical. *Held*, that

(1) The circumstance, that in the proceedings in the other State the defendant was described as "having its principal place of business at" a city therein, and that in the action here the defendant was described as "having an usual place of business in" a city here, did not indicate a lack of identity between them;

(2) In the circumstances, an inference of identity was warranted without confirmatory evidence.

The mere circumstance, that a copy of a nonjudicial record of another State is not authenticated by all the formalities prescribed by U. S. Rev. Sts. § 906, does not prevent the admission of the copy in evidence in the courts of this Commonwealth.

In the circumstances, a copy of the charter of a corporation of another State, authenticated by a certificate of the Deputy Secretary of State of that State and by the seal thereof, although it did not comply with the requirements of U. S. Rev. Sts. § 906, in that the deputy's certificate did not disclose that he was the keeper of corporate charters and in that the copy bore no certificate to the effect that his attestation was in due form and that he was a proper officer to make it, was admissible in evidence in proceedings in this Commonwealth where it appeared that under the law of the other State the Secretary of State was the custodian of the State seal and of the office where corporate charters were required to be filed, and was empowered to appoint deputies for whose conduct he was accountable.

This court, under G. L. (Ter. Ed.) c. 233, § 70, took judicial notice of the law of another State as expressed in the Constitution and statutes thereof although the record did not show that that law was presented to the trial judge by either party.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated May 13, 1932.

The action was heard in the District Court by *Stone*, J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $384.55 with interest, and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

So far as appeared from the record, the material law of Maine was not presented by either party to the judge at the trial.

The case was submitted on briefs.

*S. Litter*, for the defendant.

*P. R. Ammidon*, for the plaintiff.

DONAHUE, J. The plaintiff has brought an action on a judgment alleged in the declaration to have been recovered by it against the defendant in the Superior Court in the State of Maine. The defendant's answer includes a denial that the plaintiff is a corporation and a demand that its incorporation be proved at the trial. At the trial, which was before a judge of a district court, the only evidence consisted of two documents admitted over objection by the defendant. One purported to be a certified copy of the plaintiff's charter issued from the office of the Secretary of State of Maine and the other to be a copy of the judicial record, including a judgment in favor of the plaintiff, of an action brought by the plaintiff against the defendant in the Superior Court of the State of Maine. The trial judge found for the plaintiff and reported the case to the Appellate Division on the defendant's objections to the admission of evidence and to the denial of requests for rulings filed by it. The Appellate Division ordered the report dismissed.

The copy of the judicial record of the action brought in the Maine court was authenticated by the purported signature of the clerk of that court under the court's seal. The document therefore complied with the requirements of our statute as to the authentication of a judicial record of the court of another State. G. L. (Ter. Ed.) c. 233, § 69. Under that statute a certificate from the judge that the clerk's attestation is in due form or that the person signing as clerk in fact held that office is not necessary. *Kingman* v. *Cowles*, 103 Mass. 283. "The clerk is the proper custodian of the records of a court, and the seal of the court attached to his certificate attests the possession of the records in the person who certifies, and a record so certified is admitted under our statutes without further proof." *Willock* v. *Wilson*, 178 Mass. 68, 74. Since the document meets the requirements as to authentication of judicial records which our statute prescribes, it was properly admitted in evidence although it did not entirely comply

with the somewhat stricter provisions of U. S. Rev. Sts. § 905. *Kingman* v. *Cowles,* 103 Mass. 283.

The defendant contends that even though it be held that the copy of the judicial record in the present case was adequately authenticated, it was incomplete in various respects and therefore should have been excluded. The certificate does not bear the date when it was signed by the clerk. Since its recitals show that it was so signed after the entry of judgment and issuance of the execution, the precise date of the clerk's act of authentication is not material. The certification of a judicial record including the entry of final judgment need not contain a detailed statement of all the proceedings leading to that result; "it is enough that it shows the subject matter of the suit, jurisdiction over the parties, and the final judgment of the court." *Knapp* v. *Abell,* 10 Allen, 485, 488. *Makorios* v. *H. V. Greene Co. Inc.* 256 Mass. 598. The copy of the record here admitted describes the proceeding in the Maine court as an "Action on account." This sufficiently indicates that its foundation was a claim in contract, based upon transactions between the parties and described in the declaration in the form of an account. We think that this was an adequate statement of the subject matter of the original action. The certified copy of the record in the original case recites that service was made on the defendant on a given date. The defendant contends that this is not sufficient to show service on the defendant, in the absence of the production of the original writ and return of service or a certified copy thereof, unless it is shown that the writ had been lost. Cases cited by the defendant which deal with the circumstances when it is necessary in a later action to produce the original writ issued by a court in this Commonwealth and the return thereon and when parol evidence of their contents is admissible (see *Hindle* v. *Healy,* 204 Mass. 48, 52, and cases cited) are not here applicable. There is a presumption in favor of the regularity of the proceedings in the Maine court, the general jurisdiction of which is not controverted by the defendant, *Robinson* v. *Freeman,* 236 Mass. 446;

*Tucker* v. *Columbian National Life Ins. Co.* 232 Mass. 224, 230, and the clerk's certificate of the record stating that service was made on the defendant is *prima facie*, although not conclusive, evidence of such service of the writ. A defendant who is sued in this Commonwealth on a judgment obtained in the courts of another State may plead and prove lack of jurisdiction over him because he was not duly served with process, *Chicago Title & Trust Co.* v. *Smith*, 185 Mass. 363, 366; *Robinson* v. *Freeman*, 236 Mass. 446, and thus rebut the *prima facie* evidence furnished by the recital of service appearing in a certified copy of the judicial record of the case in which judgment was entered. *Gleason* v. *Dodd*, 4 Met. 333, 342. The defendant did not in the present case plead insufficiency of service of the writ in the original action. The recital in the authenticated record of the Maine court, without evidence as to the original writ and the return thereon, afforded a sufficient basis for the finding that service had been made upon the defendant and that the defendant was thus brought within the jurisdiction of the Maine court.

The name by which the defendant in each case was sued is the same: "Eastern Tractors Co., Inc." The fact that the defendant in the original action was described as "having its principal place of business at said Portland" and in the present proceeding as "having an usual place of business in Cambridge" in this Commonwealth, does not indicate lack of identity. It is not unusual for a corporation having its principal place of business in another State also to maintain a usual place of business here. It has been said, in a case where the fact of the conviction of an individual of a crime was involved, that bald identity of name without some confirmatory evidence was not enough to indicate identity of person, *Ayers* v. *Ratshesky*, 213 Mass. 589, 594; and in cases where the names of persons were somewhat although not precisely alike that similarity alone was not sufficient. *Hinds* v. *Bowen*, 268 Mass. 55, 58. *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189, 192. We think that the principles upon which those cases rest are not here applicable and that from the identical name of the defend-

ant in each case, which was not that of a person but of a corporation, and not a common or conventional name but a distinctive one, that the trial judge in the absence of anything to indicate the contrary was warranted in drawing the inference of identity. (See *United States National Bank* v. *Venner,* 172 Mass. 449; *Washington County National Bank* v. *Lee,* 112 Mass. 521.)

The document purporting to authenticate a copy of the plaintiff's corporate charter, which was admitted in evidence, does not conform to the requirements of U. S. Rev. Sts. § 906, which provides that such nonjudicial records of a State "shall be proved or admitted in any court . . . in any other State . . . by the attestation of the keeper of the said records . . . together with a certificate . . . of the governor, or secretary of state . . . [or of other designated public officers], that the said attestation is in due form, and by the proper officers. . . ." The certificate here presented does not disclose that the Deputy Secretary of State who signed it was the keeper of such records and there is no certificate by any of the public officers designated in the statute that the attestation was in due form or by a proper officer. These are essentials which are prerequisite to the admission of such a document under the United States statute cited. *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 193. No statute in this Commonwealth undertakes to provide a method for the introduction in evidence of nonjudicial records of another State. While the United States statute furnishes a method of authentication of a copy of a nonjudicial record of a State which may be followed by the courts of any other State in passing on the question of its admissibility, it is not exclusive of other methods of authentication and does not prevent the admission in evidence of a copy not authenticated in all respects in accordance with the specifications in the statute. Wigmore, Evidence, § 1680a. We think that the document purporting to contain a copy of the plaintiff's charter of incorporation was in the circumstances presented sufficiently authenticated to be admitted in evidence. By

authority of G. L. (Ter. Ed.) c. 233, § 70, judicial notice may be taken of the law of the State of Maine as expressed in certain sections of the Constitution and statutes of that State. "The records of the State shall be kept in the office of the Secretary, who may appoint his deputies, for whose conduct he shall be accountable." Constitution of Maine, art. V, Part Third, § 2. "The secretary of state shall keep his office at the seat of government; have the custody of the state seal, and preserve all records in such office, at the expense of the state." Rev. Sts. of Maine (1930) c. 2, § 60. Before a corporation formed under the laws of Maine can commence business there must be filed in the office of the Secretary of State a certificate of its organization. Rev. Sts. of Maine (1930) c. 56, §§ 5, 10. The certificate as to the plaintiff's incorporation bore the seal of the State of Maine. The impression of that seal on the document furnished evidence that it was executed by the Deputy Secretary of State who signed it and no additional evidence of his official character was necessary. Wigmore, Evidence, § 2161. The certificate was issued by a Deputy Secretary of State from the office of the custodian of the State seal and the office where such records are by law required to be kept. There being nothing to raise the slightest doubt to the contrary, the trial judge did not err in admitting the document and in finding that the plaintiff was a corporation.

The substance of the defendant's requests which were refused by the trial judge has been dealt with in what has earlier been said. They were properly refused.

*Order dismissing report affirmed.*