Bollins, J.
This is an action of contract on a judgment. The defendant’s answer is a general denial and an allegation that the judgment, if proved, was discharged by the defendant’s discharge in bankruptcy.
At the trial there was evidence tending to show, the following :
The plaintiff, on June 4, 1948, in this District Court of Brockton, recovered judgment, in an action of tort, against the defendant in the amount of $503.58.
The defendant offered to testify orally as to bankruptcy proceedings in the United States District Court in which he was the bankrupt. The plaintiff objected to this testimony but the trial judge admitted it de bene and. subject toi the plaintiff’s motion to strike it out. The defendant’s oral testimony was that he' filed his petition and was adjudicated a bankrupt in November, 1947, that he listed the defendant as a creditor in his bankruptcy schedule and that he received his discharge in bankruptcy on June 22, 1948. The defendant did not offer any documentary evidence of the bankruptcy or any evidence concerning it other than his oral testimony.
*90 The trial judge thereupon allowed the plaintiff’s' motion to strike out all the evidence that had been admitted de bene. The defendant did not object to the allowance of this motion, and of course, did not at that time, claim a Report in respect to any alleged error in the exclusion of the evidence, as provided by Rule 27 of the Rules of District Courts.
In due course the defendant filed eight requests for rulings of law. The judge granted the requests “insofar as consistent with my special findings . . .,” and denied them “insofar as inconsistent with or inapplicable to said findings. ’ ’
The material parts of these special findings, are: “I find that on June 4, 1949 a judgment was entered in favor of the plaintiff . . . against the defendant . . . together with costs for the sum of $503.58 and that this judgment has not been paid . . . ”
The Court found for the plaintiff in the sum of $503.58. The defendant claiming to be aggrieved by the rulings and refusals to rule as requested the case is reported to this Appellate Division for determination.
The trial Court’s disposition of the defendant’s requests for rulings was certainly unusual .and we believe improper. It cannot be determined with certainty whether the several requests are granted or denied. We decide this case on the basis that the trial judge denied all the requests. See Bankoff v. Coleman Bros. Inc., 302 Mass. 122.
The plaintiff made out his case by the production of his judgment. The defendant did not attack that case but sought to avoid its force by proof of another distinct and subsequent fact, namely, that after the rendition of the judgment, the defendant had received a discharge in bankruptcy, which discharged the judgment debt. This was an affirmative defense. The burden of proving it rested *91 on the defendant. Smith v. Hill, 232 Mass. 188, 190. The defendant never sustained this burden. He never offered any admissible evidence of the bankruptcy. The Court rightly excluded the oral evidence.
The bankruptcy proceedings in the United States District Court should have been proved by records of that Court attested by its Clerk and under its seal. G. L. c. 233 § 69; Portland Me. Pub. Co. v. Eastern Traders Co. Inc., 289 Mass. 13, 15. Furthermore the defendant has noi standing to contend that the trial judge erred in excluding the oral evidence of the bankruptcy proceedings since 'he failed to comply with Rule 27 requiring that a claim of a Report should have been made at the time, reduced to writing and filed within five days.
Provisions of Rules of District Courts relating to Appellate procedure must be construed strictly. Nunzianti v. Neviackas, 1949 Adv. Sheets 315.
In view of our decision of this case on the grounds above, there was no prejudicial error in the denial of all of the defendant’s requests.
The Order must be reported dismissed.