SALLY QUINN *vs.* TIMOTHY E. QUINN. March 14, 1977. The plaintiff brought this action to recover upon a foreign judgment issued by the Family Court for the County of Providence, State of Rhode Island. A foreign judgment is not entitled to full faith and credit if the defendant can show that the court of the other State did not have jurisdiction over his person. *Chicago Title & Trust Co.* v. *Smith,* 185 Mass. 363, 366 (1904). See *Milliken* v. *Meyer,* 311 U. S. 457, 462 (1940). See also James, Civil Procedure § 11.6 (1965). As the validity of the foreign judgment can be attacked by the use of extrinsic evidence (Restatement of Judgments, § 12, and Comment [1942]; see *Portland Me. Publishing Co.* v. *Eastern Tractors Co. Inc.* 289 Mass. 13, 17 [1935]), it was proper for the defendant to raise that issue by presenting affidavits to the effect that the service of process on him in Rhode Island was made on a Sunday and was therefore invalid under Rhode Island law. R.I. Gen. Laws § 9-5-24 (1969). Contrast *Robinson* v. *Freeman,* 236 Mass. 446, 447 (1920). The evidence presented by the defendant to the effect that service of process was not made on a secular day, coupled with the absence in the record of a copy of the record of process, requires the conclusion that a genuine issue of material fact was thus created. It was therefore improper for summary judgment to have been granted to the plaintiff. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 722 (1976). See *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-554 (1976).

*Judgment reversed.*

*Whitney L. Scott* for the defendant.
*Albert Auburn* for the plaintiff.