BABCOCK, COMMONWEALTH vs., 100 Mass. App. Ct. 527

 
 COMMONWEALTH vs. THOMAS J. BABCOCK.

100 Mass. App. Ct. 527
 October 27, 2021 - November 29, 2021

Court Below: District Court, Lowell Division
Present: Massing, Kinder, & Neyman, JJ.

 

Motor Vehicle, Operating under the influence, License to operate. Alcoholic Liquors, Motor vehicle. Practice, Criminal, Prior conviction, Record. Evidence, Prior conviction, Authentication, Criminal records, Court record. Criminal Records.

This court concluded that where, at a criminal trial, the Commonwealth sought to admit in evidence a judicial record of an out-of-State court, the record could be authenticated under Mass. R. Crim. P. 39 (a) without complying with the somewhat stricter provisions of Mass. R. Crim. P. 40 (a) (1). [528-531]

At the trial of a criminal complaint charging, inter alia, operation of a motor vehicle while under the influence of intoxicating liquor, second offense, in violation of G. L. c. 90, § 24 (1) (a) (1), a District Court judge did not err in admitting records of the defendant's out-of-State conviction of the same offense, where the records were attested by the clerk of the out-of-State court, under the seal of that court, and therefore admissible under Mass. R. Crim. P. 39 (a). [531-532]

COMPLAINT received and sworn to in the Lowell Division of the District Court Department on February 11, 2019. 

 The case was heard by John F. Coffey, J. 

 Benjamin L. Falkner for the defendant.

 Casey E. Silvia, Assistant District Attorney, for the Commonwealth.

 NEYMAN, J. Following a bench trial in the District Court, the defendant, Thomas J. Babcock, was convicted of operating a motor vehicle while under the influence of intoxicating liquor, second offense. On appeal, he contends that the judge erred in admitting in evidence records of a prior out-of-State conviction because they lacked adequate authentication under Mass. R. Crim. P. 40, 378 Mass. 917 (1979) (rule 40). We discern no error and thus affirm. 

 Background. On February 11, 2019, the defendant was charged with operating a motor vehicle while under the influence of 

 Page 528 

intoxicating liquor, second offense, in violation of G. L. c. 90, § 24 (1) (a) (1), and operating a motor vehicle while unlicensed, in violation of G. L. c. 90, § 10. He pleaded guilty to operating a motor vehicle without a license [Note 1] and to operating under the influence, but he contested the second offense portion of the latter charge. He argued that records from the Merrimack District Court of New Hampshire -- offered by the Commonwealth to establish his repeat offender status -- were inadmissible because they did not satisfy the "double authentication" requirement set forth in rule 40 (a) (1). See Commonwealth v. White, 475 Mass. 724, 742 (2016). The judge ruled the records admissible under rule 40 (a) (1) and found the defendant guilty of operating under the influence, second offense. The defendant timely appealed.

 Discussion. 1. Standard of review. Because the defendant objected to the evidentiary ruling below, we review the ruling for "an abuse of discretion, which requires a demonstration that the judge 'made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives.'" Commonwealth v. Driscoll, 91 Mass. App. Ct. 474, 476 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). In addition, we "may 'affirm a ruling on grounds different from those relied on by the motion judge if the correct or preferred basis for affirmance is supported by the record and the findings'" (citation omitted). Commonwealth v. Camacho, 483 Mass. 645, 648 (2019).

 2. The applicable authentication rule. Rule 40 (a) (1) provides a means of authenticating "official records" kept in other States. Records admitted under the rule require the "double certification" of attestation by the custodian and certification that such custodial officer is in fact the custodian. [Note 2] See White, 475 Mass. at 742. However, rule 40 (a) (1) is not the exclusive means of authenticating 

 Page 529 

an out-of-State official record. Rule 40 (c) provides that "[t]his rule does not prevent the proof, by any other method authorized by law, of the existence of . . . an official record." One such other method of proof is found in Mass. R. Crim. P. 39, 378 Mass. 916 (1979) (rule 39), which sets forth an alternative process for the authentication of the "Records of Foreign Proceedings." Rule 39 (a) provides that "[t]he records and judicial proceedings of a court of another state . . . shall be competent evidence in this Commonwealth if authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal."

 The defendant argues that out-of-State court records must conform to the requirements of both rule 39 (a) and rule 40 (a) (1), because rule 39 (a) governs only admissibility, while rule 40 (a) (1) deals with authenticity. This argument is unavailing. "Rule 39 substantially conforms to [G. L. c. 233, § 69]," [Note 3] its statutory counterpart. [Note 4] Reporters' Notes to Rule 39, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 432 (LexisNexis 2021-2022). General Laws c. 233, § 69, has been interpreted as an independent means of authentication, obviating the need for further authentication under other provisions. [Note 5] As the Supreme Judicial Court stated in Portland Me. Pub. Co. v. Eastern Tractors Co., 289 Mass. 13, 15 (1935): 

"The copy of the [out-of-State] judicial record . . . was authenticated by the purported signature of the clerk of that court under the court's seal. The document therefore complied with the requirements of [G. L. c. 233, § 69,] as to the authentication of a judicial record of the court of another State. . . . Under that statute a certificate from the judge that

 Page 530 

 the clerk's attestation is in due form or that the person signing as clerk in fact held that office is not necessary. Kingman v. Cowles, 103 Mass. 283 [(1869)]. 'The clerk is the proper custodian of the records of a court, and the seal of the court attached to his certificate attests the possession of the records in the person who certifies, and a record so certified is admitted under our statutes without further proof.' Willock v. Wilson, 178 Mass. 68, 74 [(1901)]."

See Commonwealth v. Rondoni, 333 Mass. 384, 386 (1955) ("The clerk is the proper custodian of court records and the document plainly meets the statutory requirements [of G. L. c. 233, § 69,] as to authentication" [citation omitted]). In light of this authority, we discern no basis in the present context to interpret rule 39 (a) differently than its statutory analog.

 Our conclusion is consistent with the guidance provided in Mass. G. Evid. § 902 (2021). The relevant subsection of § 902 provides as follows:

"Extrinsic evidence of authenticity, as a condition precedent to admissibility, is not required with respect to the following:

"(a) Court Records Under Seal. The records and judicial proceedings of a court of another State or of the United States, if authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal."

Here, the Commonwealth presented out-of-State records of judicial proceedings attested to by the clerk of the New Hampshire court and, as discussed infra, affixed with the seal of the New Hampshire court. The New Hampshire court records comply with the plain language of § 902(a). See Mass. G. Evid. § 902(a) note ("This subsection is derived from G. L. c. 233, § 69. See also Mass. R. Crim. P. 39[a]"). 

 Finally, White, 475 Mass. 724, on which the defendant relies, is distinguishable. In that case, the court noted the applicability of the "double certification" requirement of rule 40 (a) (1) to a "report from the New Hampshire Division of Motor Vehicles." White, supra at 729, 742. There, rule 40 (a) (1) was applicable since the record was an official record of the Division of Motor Vehicles. Here, by contrast, where the record at issue is a judicial record of an out-of-State court, it may be authenticated under 

 Page 531 

rule 39 (a) without complying with the somewhat stricter provisions of rule 40 (a) (1). See Portland Me. Pub. Co., 289 Mass. at 15-16. [Note 6]

 3. Authentication under rule 39 (a). The defendant also argues that the New Hampshire records were not admissible under rule 39 (a) because the clerk's affidavit did not bear proper attestation and the records were not under the seal of the court. Specifically, he argues that the affidavit attesting to the authenticity of the records bore only the stamped signature of the clerk and that the affidavit itself did not indicate that the attesting individual was in fact the clerk. He also argues that no seal of the court appears on the documents. Both arguments are unavailing.

 As noted above, rule 39 (a) requires that a record be "authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal." "[I]n the absence of a statutory directive, a signature may be affixed in many different ways. It may be written by hand or it may be stamped, printed, or affixed by other means" (citation omitted). Commonwealth v. Martinez-Guzman, 76 Mass. App. Ct. 167, 170 (2010). Here, the affidavit is stamped with the clerk's signature. Affixed to each page of the attached court records is a stamp averring that it is "A TRUE COPY ATTEST," and the affiant's printed name and stamped signature indicating that this affiant was the clerk. Where the documents bore the valid stamped signature of the affiant and indicated that this affiant was the clerk, there was adequate attestation. 

 Finally, we address the defendant's contention that the court records admitted as an exhibit at trial were unaccompanied by the seal of the Merrimack District Court. We have reviewed the exhibit and, contrary to the defendant's claim, each page bears a raised seal that reads "State of New Hampshire" and "Merrimack Courthouse." Rule 39 (a) does not require the seal of court to appear in a specific form. See Commonwealth v. Johnson, 32 Mass. App. Ct. 355, 357 (1992) ("no persuasive reason to preclude a trial judge from relying on a facsimile signature of a notary public" where no specific form of signature was required). See also Mass. G. Evid. § 902(a), and discussion, supra. We see no error in the judge's conclusion that the New Hampshire court records bore the seal of that court.

 Page 532 

 As the records of the defendant's prior conviction were attested by the clerk, under the seal of the court, the records were admissible under rule 39 (a). The judge did not err or abuse his discretion in admitting them in evidence.

Judgment affirmed.

FOOTNOTES
[Note 1] The conviction on the charge of operating a motor vehicle while unlicensed was placed on file until October 9, 2019. It is not before us in this appeal. 

[Note 2] Rule 40 (a) (1) provides, in relevant part: 

"An official record kept within the Commonwealth, or an entry therein, when admissible for any purpose, may be evidenced by . . . a copy attested by the officer having legal custody of the record, or by his deputy. If the record is kept in any other state . . . any such copy shall be accompanied by a certificate that such custodial officer has the custody. This certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."

[Note 3] General Laws c. 233, § 69, provides that "[t]he records and judicial proceedings of a court of another state . . . shall be admissible in evidence in this commonwealth, if authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal." 

[Note 4] The language of rule 39 (a) tracks G. L. c. 233, § 69, except that G. L. c. 233, § 69, provides that applicable records "shall be admissible in evidence" if authenticated under the rule, while rule 39 (a) provides that the records "shall be competent evidence." 

[Note 5] Massachusetts courts have applied G. L. c. 233, § 69, to civil and criminal proceedings. See, e.g., Commonwealth v. Key, 381 Mass. 19, 31 (1980); Commonwealth v. Rondoni, 333 Mass. 384, 386 (1955); Portland Me. Pub. Co. v. Eastern Tractors Co., 289 Mass. 13, 15 (1935). 

[Note 6] Inasmuch as we find that rule 39 (a) provides the applicable authentication rule, we decline to reach the question of whether the documents satisfied the requirements of rule 40 (a) (1). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.