Morton, J.
This is an action of contract to recover upon a judgment alleged to have' been entered in the Circuit .Court, District of Saint Francis, Quebec, Canada. The answer was a general denial and payment.
During the course of the trial the plaintiff offered in evidence what appeared to be a copy of proceedings in the Court above referred to between the parties to this action in which it was duly certified by the clerk that judgment was entered against the defendant by default; this copy of proceedings was authenticated as follows:
“This certifies to be a true and exact copy of our records
VEILLEUX X. GAUTHIER Clerk of the Magistrate’s Court”
A seal in wafer form was attached to the document by ribbons purporting to bear the signature of the Clerk of the Magistrate’s Court. The defendant objected to the admission of this document, and orally claimed a report, but his *322 objection was overruled. No other evidence was offered. The defendant duly filed numerous requests for rulings, which it is unnecessary to refer to herein in detail. All the requests were denied. These requests, except the first, which was properly denied in accordance with Rule 27, raised the issue in general and in detail as to whether there was sufficient proof of the entry of judgment against this defendant in the Province of Quebec. The Court ruled that the document in question was a properly authenticated court ‘Copy of Judgment’ or certificate of Judgment of a Court of foreign jurisdiction, and was prima facie evidence in support of the plaintiff’s claim. In its findings the Court referred to answers of the defendant to interrogatories propounded by the plaintiff, and stated, with reference thereto, that the answers would warrant a finding that the present defendant was the defendant in the original suit, and the .Court so found.
The report does not state that it contains all the evidence material to the questions reported. In any case such omission is serious and particularly so in the instant case, in that a finding of the Court is based upon answers to interrogatories which are not set forth in the report. For this reason, if for no other, the finding of the Court must stand.
We think that the Court properly ruled that the document offered in evidence was a duly authenticated copy of judgment. It referred to the proceedings with sufficient particularity, and was authenticated by the signature of one purporting to act as Clerk of the Court in which the proceedings were held, and it bore a seal which there is no reason to doubt is the seal of the Court in question. We say this because, although judgment appeared to be entered in the Circuit Court, the authentication of the document by the Clerk of the Magistrate’s Court certifies it to be a true and exact copy “of our records”. With reference to the default of the defendant, it is to be presumed, by the very *323 reference to such default, that notice of the pendency of the action, as required by the laws of the Province of Quebec, was brought to the attention of the defendant.
The case of Buttrick vs. Allen, 8 Mass. 273 is decisive of the issues raised in the case at bar. That was a ease upon a judgment recovered in an inferior court in the Province of Nova Scotia. It appeared in evidence that judgment was entered upon the non-appearance of the defendant, and that there was nothing to show that he ever had notice of the suit. There were two questions in the case, the first, whether an affidavit of a person that he assisted the Clerk in comparing the copy of judgment with the record, and saw the certificate attested, was sufficient to prove the judgment, and, second, whether the judgment itself was sufficient evidence to support the action. The opinion holds as follows:
“The verification of the record is sufficient for the purpose for which it is produced. There is no doubt that assumpsit lies upon a foreign judgment; but the judgment is no more than prima facie evidence, and the defendant has all the benefits he would be entitled to in an action upon the original cause. It was competent to the defendant to prove in the trial of the present action that he was not within the jurisdiction of the foreign court, and its effect would be avoided.”
The sufficiency of the certificate of judgment in the present case is further established by the case of Bissell vs. Briggs, 9 Mass. 461. In that case the status of a judgment obtained in a foreign court was distinguished from that of a judgment obtained in one of the States of the United States, and the obvious inference to be drawn from the opinion is that a certificate of judgment duly authenticated by a party purporting to be Clerk of the .Court of judgment, and bearing the court’s seal is prima facie evidence of such judgment.
We think that the decision in Buttrick vs. Allen is declaratory of the Common Law of this Commonwealth with regard to the proof of foreign judgments, and that the meth *324 od of proof thereof is the same as for judgments obtained in one of the States of the Union, and, hence, that the language of the opinion in Kingman vs. Cowles, 103 Mass. 283 is applicable to the proof of judgment in the instant case. The language referred to is as follows:
“The authentication conforms in all respects to the requirements of our statute. It bears the seal of the court and the certificate of the clerk. The clerk is the proper custodian of the records; and the seal of the court attached to his certificate attests the possession of the record in the person who certifies. Records so certified are always received as true, prima facie, without proof in the first instance of their genuineness or of the official character of the person who assumes to act in such official capacity. Buttrick v. Allen, 8 Mass. 273.”
The Constitutional provision as to the giving of full faith and credit to the judgments and decrees of the States refers more particularly to the conclusiveness of such judgments rather than to the proof thereof as fully set forth in Bissell v. Briggs, cited above.
As the certificate of judgment of a foreign country is only prima facie evidence in support thereof, the defendant cannot be harmed by its admission in evidence, as it is open to him to show that he had no notice of the pendency of the original suit, that the court had no jurisdiction thereof, and that the record is erroneous. The defendant in this case did not choose to show lack of notice oh his part with regard to the first suit, or that the court had no jurisdiction thereof. This is especially significant in that in answers to interrogatories he apparently stated that he was the defendant in the first suit.
We think that the certificate of judgment was properly admitted in evidence as prima facie proof of the original judgment, that the ruling of the court in regard thereto was proper, and that there was no error in the disposition of the requests for rulings filed by the defendant. An entry will be made dismissing the report.