Forte, J.
The plaintiff commenced this action in the Woburn Division of the District Court Department to enforce a judgment issued by a court in the State of Florida.
The defendant’s amended complaint included affirmative defenses alleging Florida’s lack of jurisdiction, and insufficiency of service and process. The defendant also counterclaimed for damages for the plaintiffs alleged violation of G. Le. 93A. Thereafter, the trial court allowed the plaintiffs motion for summary judgment and the plaintiffs motion to dismiss the defendant’s counterclaim. From these actions, the defendant has appealed.
The facts appearing in the pleadings and affidavits indicate that the defendant rented a motor vehicle from the plaintiff in Florida for a period of one week, May 3-10, 1986. By the terms of the rental agreement, the defendant contracted to return the vehicle undamaged. At the end of the week, the vehicle was returned by one Kelly, and the plaintiff then extended the rental for an additional week. However, the plaintiff *105 charged the extra rental to the defendant’s charge card, utilizing the defendant’s signature which appeared on the original charge for the first week’s rental. The vehicle was damaged while in Kelly’s possession. The amount of the damage was alleged to be $8,704.00.
The counterclaim alleges that the plaintiff, without authorization, exterided the rental agreement and charged the same to the defendant’s bank card for án additional period of time which included the date on which the vehicle was damaged, May 16, 1986. The defendant’s affidavit indicates that he was already back in Massachusetts at the time the original rental period' expired on May 10,1986.
The plaintiff commenced suit against the defendant on August 6, 1986 in the Seventeenth Circuit Court of Florida seeking damages in the amount of $8,704.00. Service was made upon the defendant in Waltham, Massachusetts by a Waltham constable. Thereafter, a Massachusetts attorney filed an answer in Florida which the Florida court subsequently struck as a “nullity” because the attorney was not a member of the Florida State Bar.[1] The Florida court thereafter entered a default judgment in the amount of $13,845.65. It is this judgment which the plaintiff seeks to enforce in the present G.L c. 235, §23A action.
There was error.
1. A foreign judgment is entitled to full faith and credit unless the defendant can show that the court of the other state did not have jurisdiction over his person. Quinn v. Quinn, 5 Mass. App. Ct. 794 (1977).
Although the Florida Long-Arm Statute, Fla.Sta. 48.193, would permit a Florida court to acquire jurisdiction over an out-of-state defendant, service of process must conform to the requirements of the Long-Arm Statute. Florida Statute 48.194 mandates that:
Service of process on persons outside of the state shall be made in the same manner as service within the state bvan officer authorized to serveprocess in the state where the person is served, (emphasis supplied).
General Laws c. 41, §92 defines the authority of a constable to serve civil process in Massachusetts in terms of both the amount of the bond filed by the constable and the amount of the damages sought in the action. The authority of a Massachusetts constable who files the maximum bond of $5,000.00 is limited to serving civil process “in which the damages are laid at a sum not exceeding two thousand five hundred dollars.” Therefore, the constable in this action was not authorized to serve the defendant with process fpr a claim of $8,704.00. As such service failed to comply with the Florida Long-Arm Statute, the Florida court did not acquire jurisdiction over the defendant.
2. Despite this failure of service, the plaintiff contends that the Florida judgment is still entitled to full faith and credit pursuant to G.Lc. 235, §23A which provides, inter alia,
A foreign judgment shall not be refused recognition for lack of personal jurisdiction if...
(6) the defendant operated a motor vehicle or airplane in the foreign state and the proceedings involved a cause of action arising out of such operation.
The record before this Division on the plaintiffs motion for summary judgment does not, however, establish as a matter of law that the foreign judgment in question was entered in an action arising out of the defendant’s operation of a motor vehicle in *106 Florida. The May 5,1987 judgment of the Florida court does not disclose the nature of the action. Although the plaintiff averred that the action sought “damages arising out of the commission of an automobile tort,” a copy of the Florida complaint was not introduced.[2]
Moreover, contrary to the plaintiffs assertion, it is clear that any valid claim by the plaintiff against the defendant could have been for breach of contract only. The defendant’s affidavit, substantiated by copies of the car rental agreement, charge card slips, Florida traffic acddent report and other documents, clearly demonstrates that (1) the parties’ rental agreement, which expired May 10,1986, was extended by the plaintiff through May 17,1986 and charged to the defendant’s credit card without his signature or authorization and (2) the rented vehicle was damaged on May 16,1986 while being operated by an unidentified driver who fled the scene of the accident. In a July 15,1986 letter to the defendant’s credit card company, the plaintiffs president admitted that the rented vehicle was in the possession of, and operated by, Thomas Kelly at the time it was damaged.[3]
Therefore, the Florida judgment against the defendant is not entitled to recognition and enforcement in this Commonwealth under the G.Lc. 235, §23A(6) exception pertaining to a defendant’s operation of a motor vehicle in a foreign state.
3. The plaintiffs motion to dismiss the defendant’s G.Lc. 93A counterclaim was allowed on the basis of a Florida mandatoiy counterclaim requirement Given the Florida court’s lack of jurisdiction over the defendant, it is clear that the defendantwas not required to file his counterclaim in the Florida action. Moreover, such counterclaim states a cause of action pursuant to c. 93Afor which relief could be granted. The allowance of the plaintiffs motion to dismiss such counterclaim was error.
4. Accordingly, the court’s allowance of the plaintiffs motion for summaryjudgment is reversed and vacated. Summaryjudgment is to be entered for the defendant on the plaintiffs G.Lc. 235, §23A complaint. The court’s dismissal of the defendant’s counterclaim is also vacated, and the case is returned to the Woburn Division for further proceedings on such counterclaim So ordered.

 This answer, which was struck upon the plaintiffs motion, stated that it was not a general appearance. The Florida court ruled that such “purported answer” was a “nullity” and indicated that the filing of a new answer by Florida Counsel would then constitute a general appearance and submit the defendant to the jurisdiction of the Florida court It is clear that the filing of such answer did not per se confer jurisdiction on the Florida Court

 The plaintiffs brief in fact states: "The Florida Judgment issued against Lavelle was for breach of the Rental Agreement with Courtesy Car.”

 The letter states, in pertinent part: “At the time of renting vehicle F-47-86... [the defendant] agreed to be the only operator and declined any and all insurance coverage of Collision Damage. However, the vehicle mentioned on contract 2-2945 was in the possession of a Mr. Thomas Kelly who was involved in a hit and run accident... He hit a pole, managed to slip by the police and leave the scene of the accident His watch and other personal effects were found in the car. Mr. Kelly appeared in my office on the 16th of May, 1986 and was visibly bruised and cut and tried to get us to believe that the car was stolen.... We take the position that Mr. Lavelle is responsible for the damages ... and if there was a theft it is still his responsibility as stated on the face of the contract”