MARY FINNEGAN *vs.* JEREMIAH LUCY, JR.

Essex.    November 2, 1892. — December 3, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Statute — Written Signature.*

When a wife gives notice under Pub. Sts. c. 100, § 25, requesting a person not to sell liquor to her husband, it is not necessary that the notice shall be signed in her own proper handwriting. It is enough if her name is signed for her by another person in her presence and by her request, she knowing and understanding the contents and object of the notice.

The provisions of the Pub. Sts. c. 3, § 3, cl. 25, that, "when the written signature of a person is required by law, it shall always be the proper handwriting of such person, or, in case he is unable to write, his proper mark," are intended to require a signature in the proper handwriting of a person only in those cases where, by express language, or by usage, or by implication arising from the nature of the document to be signed, a written signature is required by law, as the direct personal act of the person whose name is to be signed.

ALLEN, J.    Under Pub. Sts. c. 100, § 25, the plaintiff must have given "notice in writing, signed by . . . her," in order to recover. A notice in writing was given bearing her name, but her name was written by another person, at her request and in her presence, she knowing and understanding the contents and object of the notice. The question is, whether this was a good notice.

The defendant chiefly relies upon the rule for the construction of statutes given in Pub. Sts, c. 3, § 3, cl. 25, which is as follows: " The words ' written ' and ' in writing ' may include print-

ing, engraving, lithographing, and any other mode of representing words and letters; but when the written signature of a person is required by law, it shall always be the proper handwriting of such person, or, in case he is unable to write, his proper mark." The argument is that the "written signature" of the plaintiff was required in this case, though the statute only says "signed."

This rule for the construction of statutes was copied literally from the Gen. Sts. c. 3, § 7, cl. 20, and it originated in Rev. Sts. c. 2, § 6, cl. 19, the first portion, as to the words "written" and "in writing," being an adoption of the decision in *Henshaw* v. *Foster*, 9 Pick. 312. No explanation of the meaning intended by the latter portion of the rule is given by the commissioners in their report on the Revised Statutes. But in giving a construction to a rule of this description, regard must be paid to the state of the law in respect to signatures, as it was at the time the rule was enacted, and to the usages which then prevailed. It was and still is very generally held that when a document is required by the common law or by statute to be "signed" by a person, a signature of his name in his own proper or personal handwriting is not required. For example, in the case of wills, it has long been well established that neither the testator nor the attesting witnesses need sign in that manner. *Nickerson* v. *Buck*, 12 Cush. 332. *Lord* v. *Lord*, 58 N. H. 7. *Vernon* v. *Kirk*, 30 Penn. St. 218. *Jesse* v. *Parker*, 6 Grat. 57. *Upchurch* v. *Upchurch*, 16 B. Mon. (Ky.) 102. *Compton* v. *Mitton*, 7 Halst. 70. *Jenkyns* v. *Gaisford*, 32 L. J. Prob. 122. 4 Kent Com. 514, n. *In re Clark*, 2 Curt. Eccl. 329. 1 Jarm. Wills, (Bigelow's ed.) 77, 78, 82. 1 Wms. Ex. (6th Am. ed.) 68–84. So also in cases arising under the statute of frauds. *Sanborn* v. *Flagler*, 9 Allen, 474. *Schneider* v. *Norris*, 2 M. & S. 286. *Saunderson* v. *Jackson*, 2 B. & P. 238, and 3 Esp. 180. *Durrell* v. *Evans*, 1 H. & C. 174. *Tourret* v. *Cripps*, 48 L. J. Ch. 567. *Brayley* v. *Kelly*, 25 Minn. 160. Browne on St. Frauds, §§ 355 *a*, 356, 357. Benjamin on Sales, §§ 255, 260, 263, and pp. 220, 221, n. 2 Kent Com. 511. 1 Sugd. Vend. & Pur. (8th Am. ed.) 142. In like manner, a deed signed with the grantor's name, in his presence and by his request, though by a stranger, is sufficiently well executed. The signing in such case is deemed to be the grantor's act. *Gardner*

v. *Gardner*, 5 Cush. 483. *Wood* v. *Goodridge*, 6 Cush. 117. *Burns* v. *Lynde*, 6 Allen, 305, 309, 310. *Frost* v. *Deering*, 21 Maine, 156. *Mackay* v. *Bloodgood*, 9 Johns. 285. *Irvine* v. *Thompson*, 4 Bibb, 295. *Videau* v. *Griffin*, 21 Cal. 389. 3 Washb. Real. Prop. (5th ed.) 252, *et seq.* In various other instances a signature is held to be sufficient, though not in the proper handwriting of the person to be bound. See *Merrifield* v. *Parritt*, 11 Cush. 590; *Commonwealth* v. *Ray*, 3 Gray, 441; *Wheeler* v. *Lynde*, 1 Allen, 402; *Greenfield Bank* v. *Crafts*, 4 Allen, 447; *Boardman* v. *Spooner*, 13 Allen, 353, 358; *Bartlett* v. *Drake*, 100 Mass. 174; *Wellington* v. *Jackson*, 121 Mass. 157; *Dublin* v. *Judge*, 11 Irish Law, 8; Story on Agency, § 51.

In England, in some instances, depending on the construction of particular statutes, a signature in the proper handwriting of the person has been held necessary. *Hyde* v. *Johnson*, 2 Bing. N. C. 776. *Toms* v. *Cuming*, 7 M. & G. 88. *Williams* v. *Mason*, 28 L. T. (N. S.) 232. In other cases, however, statutes calling for signatures have not received so strict a construction, and a signing in other forms has been held sufficient. *Regina* v. *Justices of Kent*, L. R. 8 Q. B. 305, 307. *Bennett* v. *Brumfitt*, L. R. 3 C. P. 28. *In re Whitley*, 32 Ch. D. 337.

It has never been supposed that the statutory rule of construction now under consideration, as to written signatures, had so wide a scope as to set aside the established doctrines of law as to signatures, and to require a signature in the proper handwriting of a person in all cases where a document is to be signed by him; and such a construction should not be given to it, unless that clearly appears to have been the intention of the Legislature. We think it was intended to require a signature in the proper handwriting of a person only in those cases where, by express language, or by usage, or by implication arising from the nature of the document to be signed, a written signature is required by law, as the direct personal act of the person whose name is to be signed. Numerous instances of this character are to be found in the Constitution and statutes. For example, a certain oath is required to be taken and subscribed by every person chosen or appointed to any office (Amend. to Mass. Const., Art. VI.); and the oaths of the Governor, Lieutenant Governor, and Councillors are to be taken and subscribed in the presence of the two

houses of assembly. Const. Mass. pt. 2, c. 6, Art. I. For various statutes respecting the taking and subscribing of oaths by different officers, by insolvent debtors, and by poor debtors, see Pub. Sts. c. 14, § 55; c. 18, §§ 10, 14; c. 21, §§ 3, 4; c. 27, § 88; c. 157, § 76; c. 158, §§ 2, 6; c. 162, § 38. Various certificates also are to be made by different public officers, which according to usage bear their signatures in their own handwriting, such as certificates of the acknowledgment of deeds, and of the taking of oaths. See Pub. Sts. c. 27, § 88; c. 120, § 6; c. 150, § 5; c. 157, § 77; c. 162, §§ 1, 2, 17, 19, 40; c. 169, §§ 40, 48. Commissioners to take acknowledgments in other States and in foreign countries must file in the office of the Secretary of the Commonwealth impressions of their seals, together with their oaths of office and their signatures. This must necessarily imply signatures in the proper handwriting of such commissioners. Another illustration is found in the Twentieth Amendment to the Constitution, though this was not adopted till after the establishment of the statutory rule under consideration. This amendment provides that no person shall have the right to vote or be eligible to office who shall not be able to read the Constitution in the English language, and write his name. A signature in the proper handwriting of the voter or officer is plainly contemplated.

Without going further, it is apparent that there are many instances where it may well be deemed that a " written signature " is required by law, without including the ordinary cases of wills, deeds, contracts, notices, demands, and other documents, where the nature of the case does not require such formality.

It is further urged by the defendant that there are various statutes in which it is expressed in terms that required signatures may be made either by the person himself, or by an attorney or agent or some one in his behalf, and that the omission of any such clause in Pub. Sts. c. 100, § 25, raises an implication that a signature by the person himself was intended to be required. See Pub. Sts. c. 52, § 21; c. 78, §§ 1, 3, 4, 5 (statute of frauds); c. 120, §§ 1, 3; c. 127, § 1 (statute of wills); c. 167, § 63; c. 174, § 3; St. of 1888, c. 155. These statutes, however, so far as they have been construed judicially, have not usually been held to imply that signatures made under circumstances like those disclosed in the present case are not to be deemed to be

the signature of the person whose name is written, as is shown by the decisions relating to deeds, wills, and the statute of frauds, already cited. There are many instances where, by express provisions of statute, or by rules of law, a person is required to make a demand or give a notice, and where by express requirement or by implication his name is to be signed. See, e. g., Pub. Sts. c. 6, § 17, as to voters; c. 121, §§ 8, 11, 12, as to notices to quit; c. 122, § 3, as to easements; c. 181, § 11, as to foreclosures; c. 190, § 33, as to offers under mill act; c. 191, §§ 3, 4, as to mechanic's liens; c. 192, §§ 7, 10, 24, as to chattel mortgages, pledges, and liens; c. 197, § 15, as to acknowledgments to bar the statute of limitations. Ordinarily, and in the absence of anything to show the contrary, it can hardly be supposed that the Legislature meant to require in all such cases a signature in the proper handwriting of the person. The maxim applies, *Qui facit per alium facit per se. In re Whitley*, 32 Ch. D. 337, 339–341.

In the case before us, the statute did not in terms require the plaintiff's " written signature," but only that the notice should be " signed." Signing does not necessarily mean a written signature, as distinguished from a signature by mark, by print, by stamp, or by the hand of another. There is no reason that we can see why a signature in the proper handwriting of the plaintiff should be required. The ruling at the trial was correct.

*Exceptions overruled.*

*C. A. De Courcy*, for the defendant.

*J. P. Sweeney*, for the plaintiff.