James **HENDERSON** and Mary Henderson, Plaintiffs,

v.

The **UNITED STATES** and The Palmetto Bank, Heritage Federal Savings and Loan Association, Citizens and Southern National Bank of South Carolina, Interstate Johnson Lane Corporation, and NCNB National Bank of South Carolina, Defendants.

Civ. A. No. 91–805–20K.

United States District Court, D. South Carolina, Greenville Division.

Nov. 27, 1991.

James Henderson and Mary Henderson, pro se.

Harris Livingstain, Dept. of Justice, Washington, D.C., for defendants.

## ORDER

HERLONG, District Judge.

This matter is before the court on a petition to quash certain Internal Revenue summonses.

The Internal Revenue Service ("IRS") issued five (5) summonses between March 15, 1991 and June 7, 1991, in the course of an investigation of James M. Henderson and Mary Henderson (collectively the "Hendersons"). The IRS was attempting to determine the correct federal income tax liability of the Hendersons for the years of 1985, 1986, 1987, 1988, and 1989, and to inquire into any offense connected with the administration or enforcement of the internal revenue laws.[1] The summonses were directed to and served upon various financial institutions.[2] The Henderson were given proper notice of each of the summonses.

The Hendersons filed a petition[3] to quash the summonses. In this petition, the

---

1. It is not disputed that the IRS has the authority to issue summonses for these purposes. *See* 26 U.S.C. § 7602(a) & (b).

2. The summonses were to (1) Palmetto Bank, served March 15, 1991; (2) Heritage Federal S & L, served March 15, 1991; (3) C & S Bank, served March 21, 1991; (4) Interstate Johnson Lane Corp., served May 17, 1991; and (5) NCNB Bank, served June 7, 1991.

3. The petition to quash was originally filed on March 22, 1991 seeking to quash the summonses directed to Heritage Federal S & L and Palmetto Bank. An amended petition was filed on April 18, 1991 seeking in addition to quash the summons to C & S Bank. A second amended petition was filed on June 7, 1991 seeking in addition to quash the summons to Interstate Johnson Lane. A third amended petition was filed on June 25, 1991 seeking additionally to quash the summons to NCNB Bank.

Hendersons assert that the summonses were not properly attested that they were true copies of the original when they were served. The United States has filed a motion to dismiss the petition to quash and a petition to enforce the summonses.

■ The court must first determine whether it has jurisdiction to decide the petition to quash or the petition to enforce the summonses. The IRS contends that this court lacks jurisdiction to decide the petition to quash as it relates to the summonses directed to Interstate Johnson Lane Corp. and C & S Bank. In general, the United States, and therefore the IRS, is immune to suit except where the Congress has expressly waived immunity by statute. *See United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). In the Internal Revenue Code, Congress has waived sovereign immunity in certain instances. "The United States district court ... shall have jurisdiction to hear and determine any proceeding [properly brought to quash an IRS summons]...." 26 U.S.C. § 7609(h)(1). A person has the right to begin a proceeding to quash a summons not later than the 20th day after the day he is given notice of the summons in the manner required by the law. 26 U.S.C. § 7609(b)(2). Therefore, if a proceeding to quash is not begun within the twenty day period, the district court is without jurisdiction to quash the summons. In this case, the Hendersons were given notice sufficient under the law of the summons to C & S Bank on March 22, 1991. A proceeding must have been begun by April 11, 1991. The Hendersons did not amend the petition to quash to include this summons until April 18, 1991. The Hendersons were given notice sufficient under the law of the summons to Interstate Johnson Lane Corp. on May 17, 1991. A proceeding must have been begun by June 6, 1991. The Hendersons did not amend the petition to quash to include this summons until June 7, 1991. Therefore, the Hendersons did not meet the jurisdictional deadline to begin proceedings to quash these two summonses, and this court lacks jurisdiction to decide the petition to quash as it relates to the summonses to Interstates Johnson Lane Corp. and C & S Bank.[4]

The summonses were issued by agent Suzanne Bell. Agent Bell, in her affidavit, stated that the books, records, papers, and other data sought are either not in the possession of the IRS or are not readily accessible without undue administrative burden and expense. She further stated that the information sought is necessary and relevant to the investigation and that no referral to the Department of Justice for criminal proceedings has been made. Bell also stated that all administrative procedures had been followed.

■ To enforce the summonses, the United States need only show that the summonses were issued for a legitimate purpose, that the data sought may be relevant to that legitimate purpose, that the data is not already in the government's possession, and that the administrative steps required by the Internal Revenue Code were followed. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. LaSalle National Bank,* 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2366, 57 L.Ed.2d 221 (1978); *Alphin v. United States,* 809 F.2d 236 (4th Cir.1987). The IRS may establish its *prima facie* case by an affidavit of the investigating agent averring the four elements from *Powell. Alphin v. United States,* 809 F.2d 236 (4th Cir.1987); *In re Newton,* 718 F.2d 1015, 1019 (11th Cir.1983); *United States v. Davis,* 636 F.2d 1028 (5th Cir.1981). The affidavit of agent Bell establishes a *prima facie* case for enforcement. Since a *prima facie* case is established, the burden shifts to the Hendersons to show that the summonses should not be enforced.

■ The Hendersons assert that all of the administrative steps required by the Internal Revenue Code were not followed.

---

**4.** This court does, however, have jurisdiction to decide the petition to enforce as it relates to all of the summonses. 26 U.S.C. § 7604(a). Jurisdiction to determine questions of enforcement is granted independently from jurisdiction to determine a petition to quash. *See* 26 U.S.C. § 7604(a) and 7609(h)(1).

The Hendersons contend that the IRS did not serve "attested" copies of the original summonses. A summons issued by the IRS "shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode...." 26 U.S.C. § 7603. *Mimick v. United States,* 91–1 USTC p. 50,070 (D.Neb.1991)[5] appears to be the only reported case that has interpreted what is an "attested copy" for purposes of 26 U.S.C. § 7603. As the district court in Nebraska did, this court looks to *Black's Law Dictionary* to define the term "attested copy." "[A]n 'attested' copy of a document is one which has been examined and compared with the original, with a certification or memorandum of its correctness, signed by the person who examined it." Black's Law Dictionary 117 (5th ed. 1979). Therefore, an attested copy must have a written and signed certification that it is a correct copy.

The copies of the summonses that are part of the record in this case have no written and signed certification that they are true copies of the original on them or attached to them. The IRS does not contest the fact that the summonses that were served did not have such a written and signed certification. The IRS contends that the statute does not require such a certification. This court disagrees. This court finds that to be an attested copy, the summons must have a written and signed certification or memorandum that the copy is a true and correct copy of the original. Therefore, the IRS failed to follow the administrative steps required by the Internal Revenue Code.

The Hendersons have shown that the IRS failed to establish an element required under *Powell* for the enforcement of a summons. The district court can deny enforcement of a summons if it finds that the IRS has fallen short of establishing the four elements from *Powell.* *United States v. Michaud,* 907 F.2d 750, 752 (7th Cir. 1990) (en banc); *Cf. Hintze v. Internal Revenue Service,* 879 F.2d 121 (4th Cir. 1989); *United States v. White,* 853 F.2d 107 (2d Cir.1988); *United States v. John G. Mutschler & Assoc., Inc.,* 734 F.2d 363, 367 (8th Cir.1984).

The IRS contends that any failure to comply with the administrative procedures was a minor flaw which should not preclude enforcement of the summonses.[6] This court does not agree. Congress specifically provided that a summons issued by the IRS "*shall* be served by the Secretary, by an *attested* copy...." 26 U.S.C. § 7603 (emphasis added). The word "shall" in a statute is generally used to show that a certain action is mandatory.[7] Therefore, the service of an attested copy in mandated by the Internal Revenue Code.

It seems clear that a valid purpose for this mandate is to assure the person receiving the summons that what he received was in fact a true copy of the original summons. The failure to serve an "attested" copy deprives the person receiving the summons of this assurance which Congress expressly granted. This court finds that under the facts of this case, the failure to follow the requirement of the Internal Revenue Code to serve an attested copy precludes the enforcement of the summonses.

This court finds that it lacks subject matter jurisdiction to decide the petition to

---

**5.** This case is not reported in the Federal Supplement. It also may be located at 1991 WL 34445 and 1991 U.S.Dist.Lexis 1329.

**6.** The IRS cites three cases for the proposition that a minor flaw will not preclude enforcement: *United States v. Bank of Moulton,* 614 F.2d 1063 (5th Cir.1980) (IRS's obtaining information prematurely did not preclude enforcement because the violation was minor, and there was no harm caused by the conduct); *United States v. Texas Heart Institute,* 755 F.2d 469 (5th Cir.1985) (Even though notice requirement was not met, summons was enforceable because the taxpayer had actual notice and received every benefit of the administrative procedure), *overruled on other grounds by United States v. Barrett,* 837 F.2d 1341 (5th Cir.1988); and *United States v. Gilbert C. Swanson Foundation, Inc.,* 772 F.2d 440 (8th Cir.1985) (Failure to adhere to IRS internal operating order did not preclude enforcement of a summons).

**7.** Black's Law Dictionary 1233 (5th ed. 1979); and 39 Words and Phrases, "Shall–In Statutes" 122–30 (1953).

quash as it relates to the summonses to Interstate Johnson Lane Corp. and C & S Bank. The petition must be dismissed in such parts as relate to these two summonses. This court further finds that the remaining three summonses should be quashed because the IRS failed to serve an attested copy of the summonses. For this same reason, this court finds that the IRS is not entitled to enforcement of any of the summonses.

Based on the foregoing, it is

ORDERED that the motion of the IRS to dismiss the petition to quash is granted in part and denied in part. It is further

ORDERED that the petition to quash the summonses is dismissed in part and granted in part. It is further

ORDERED that the petition for enforcement is denied.

IT IS SO ORDERED.