COMMONWEALTH *vs.* DANIEL JOHNSON.

No. 91-P-783.

Middlesex. January 17, 1992. - April 1, 1992.

Present: KASS, PORADA, & LAURENCE, JJ.

*Controlled Substances. Evidence*, Certificate of drug analysis. *Jurat. Practice, Criminal*, Failure to make objection, Instructions to jury, Lesser included offense. *Probable Cause. Arrest. Search and Seizure*, Arrest, Probable cause.

A certificate of drug analysis performed by the Department of Public Health was not rendered inadmissible under G. L. c. 111, § 13, at a criminal trial, solely by reason that it bore a facsimile signature of a notary public rather than a handwritten signature. [356-358]

At the trial of an indictment for trafficking in twenty-eight or more grams of cocaine, there was no basis for the judge to instruct the jury on the lesser included offense of possession with intent to distribute where there was no evidence that the weight of the cocaine in evidence was less than twenty-eight grams. [358]

There was no merit to a criminal defendant's claim that police officers lacked probable cause to arrest him. [358-359]

INDICTMENT found and returned in the Superior Court Department on November 14, 1989.

A pretrial motion to suppress evidence was heard by *Hiller B. Zobel*, J., and the case was tried before *Patti B. Saris*, J.

*Gail S. Strassfeld* for the defendant.

*Marc A. Eichler*, Special Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was convicted of trafficking in twenty-eight or more grams of cocaine (G. L. c. 94C, § 32E[*b*][2], as appearing in St. 1988, c. 124). On appeal, the defendant claims that the trial judge erred in admitting in evidence certificates of the drug analysis performed by the Department of Public Health (department) and in failing to instruct the jury on the lesser included offense of possession

with intent to distribute cocaine. The defendant also assigns as error the denial of his motion to suppress based on lack of probable cause to arrest. We affirm the conviction.

1. *Certificates of analysis.* The certificates of analysis prepared by the department's chemist for the substance seized from the defendant were admitted in evidence by the trial judge under the provisions of G. L. c. 111, § 13.[1] The defendant contends that the certificates did not comply with the prerequisites of § 13 because the jurat in each of the certificates contained the facsimile signature of a notary public rather than a handwritten signature, which he asserts is required by § 13.

By its terms, § 13 requires only that the analyst swear to the contents of the certificate before a notary public. Section 13 is silent as to whether a notary public must use a handwritten signature to validate the oath of the analyst. Similarly, G. L. c. 222, § 1, which authorizes notaries public to administer oaths, does not prescribe the form of a notary's signature. Absent an express statutory directive, we must decide whether a stamped facsimile of a notary's signature is sufficient verification that the analyst swore to the contents of the certificate before the notary.

The defendant offers three arguments, none of which is persuasive, for the necessity of a handwritten signature. First, he argues that a handwritten signature carries with it an indicium of reliability that the analyst actually appeared before the notary public, whereas a facsimile signature does not. We think that the potential for falsification of the oath

---

[1] General Laws c. 111, § 13, as amended through St. 1982, c. 650, § 18, provides, in pertinent part: "The analyst or an assistant analyst of the department [of public health] . . . shall upon request furnish a signed certificate, on oath, of the result of the analysis [requested by the police for law enforcement purposes] . . . . This certificate shall be sworn to before a . . . notary public, and the jurat shall contain a statement that the subscriber is the analyst or an assistant analyst of the department. When properly executed, it shall be prima facie evidence of the composition, quality, and when requested, the net weight of the narcotic . . . or the net weight of any mixture containing the narcotic or other drug, . . . and the court shall take judicial notice of the signature of the analyst or assistant analyst, and of the fact that he is such."

in either case is the same. In each case, G. L. c. 267, § 1, which makes proffering false evidence a felony, acts as a sufficient deterrent. Second, the defendant argues that as the Legislature has enacted various statutes providing that a facsimile of a signature has the same validity as a handwritten one, see G. L. c. 36, § 19 (register of deeds), and G. L. c. 221, § 17 (clerk of court), its failure to do so in § 13 signifies an intent to require a handwritten signature. In *Finnegan* v. *Lucy*, 157 Mass. 439 (1892), the court rejected a similar argument. It held that the Legislature's failure to specify that a personal signature was not required, as stated specifically in other statutes, was not a reason for concluding that a handwritten signature was required in the case under consideration. *Id.* at 442-443. Finally, the defendant contends that the only sensible way to interpret the statute is to insist on a handwritten jurat. Yet allowing a trial judge to rely on a facsimile signature does not detract from the statute's purpose, to simplify proof of chemical analyses performed routinely and accurately by a public agency and "to reduce court delays and the inconvenience of having busy public servants called as witnesses." *Commonwealth* v. *Claudio*, 26 Mass. App. Ct. 218, 220 n.1 (1988), *S.C.*, 405 Mass. 481 (1989).

We see no persuasive reason to preclude a trial judge from relying on a facsimile signature of a notary public as sufficient verification that the analyst swore to the contents of the certificate before the notary under § 13. It is a well established principle that in the absence of a statutory directive, a signature may be affixed in many different ways. It may be written by hand or it may be stamped, printed, or affixed by other means. *Finnegan* v. *Lucy*, 157 Mass. at 443. *Assessors of Boston* v. *Neal*, 311 Mass. 192, 200 (1942). As noted, G. L. c. 267, § 1, which makes proffering false evidence a felony, acts as a sufficient deterrent to the illegal use of a facsimile signature of a notary public. See also *State* v. *Huggins*, 659 P.2d 613, 618 (Alaska Ct. App. 1982) (absent evidence to the contrary, the trial court should presume that a State official's signature, under seal, certifying a document or a signature is valid even if the signature is a stamped or

printed facsimile); *State* v. *Irving,* 165 Ariz. 219, 225 (Ct. App. 1990) (absent contrary evidence, the trial court is entitled to assume that the facsimile signature of a State officer is valid). While a handwritten signature is the better practice, we conclude the certificates with facsimile signatures were admissible under § 13.

2. *Judge's instructions.* The defendant contends that, because he challenged the certificates of analysis, the judge erred in failing to instruct the jury on the lesser included offense of possession with intent to distribute. Although the defendant submitted a request for an instruction on the lesser included offense of possession with the intent to distribute, he failed to object at the conclusion of the judge's instruction. Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). In the absence of such an objection, the claim of error will be considered only under a substantial risk of a miscarriage of justice standard. *Commonwealth* v. *Bowler,* 407 Mass. 304, 305, 308 (1990).

There was no prejudicial error. A judge need not charge on a hypothesis unsupported by the evidence. *Commonwealth* v. *Egerton,* 396 Mass. 499, 504 (1986). At trial the defendant conceded that there was no evidence presented which would put the weight of the cocaine below twenty-eight grams, the threshold for an instruction on a lesser included offense. G. L. c. 94C, § 32E(*b*)(1) & (2). Since the weight was uncontested, an instruction on the lesser included offense was not required. *Ibid. Commonwealth* v. *Tata,* 28 Mass. App. Ct. 23, 26 (1989).

3. *Motion to suppress.* There is no merit to the defendant's claim that his motion to suppress should have been allowed because the police officers lacked probable cause to arrest. Here, the motion judge found that two experienced detectives, who had conducted numerous drug investigations, observed the defendant exchange an object resembling a packet of cocaine for currency in an area in which they had conducted numerous surveillances and investigations for narcotics. The judge was correct in concluding that those circumstances were sufficient to constitute probable cause to arrest.

See *Commonwealth* v. *Gullick*, 386 Mass. 278, 283 (1982). Compare *Commonwealth* v. *Ortiz*, 376 Mass. 349, 350, 353-354 (1978) (probable cause existed based on defendant's displaying type of packet used for packaging drugs to a person with prior drug arrests in an area of heavy drug traffic); *Commonwealth* v. *Rivera*, 27 Mass. App. Ct. 41, 42, 45-46 (1989)(probable cause established based on transaction involving type of container regularly used in narcotic sales, the character of the location, and the opinion of the experienced police officers).

*Judgment affirmed.*