COMMONWEALTH *vs.* LUIS A. GONZALEZ. No. 02-P-1357. December 10, 2003. *Search and Seizure,* Arrest, Warrant, Consent. *Arrest. Consent.*

The case comes to us on the Commonwealth's appeal from an order of a judge of the Superior Court, allowing the defendant's motion to suppress certain evidence seized from his mother's apartment at the time of his arrest. We reverse.

*Background.* The motion judge found that, on September 13, 2001, the police went to 449 North Main Street, Brockton, to execute an outstanding

warrant for the arrest of Rosa Ortiz, the defendant's mother. Ortiz occupied a first-floor apartment at that address. Upon their arrival at the apartment, the police knocked and Ortiz answered the door. Officer Coppenrath advised Ortiz that he had a warrant for her arrest and that she would have to accompany the officers to court. Coppenrath suggested that Ortiz leave her jewelry at home, and that she bring some form of identification, and perhaps a jacket,[1] with her to court. Coppenrath asked if the officers could accompany Ortiz into her apartment while she removed her jewelry and got a coat, and Ortiz said that they could. Once in the apartment, Ortiz stated that she would have to go into her bedroom to get her identification. Ortiz entered the bedroom and closed the door behind her. Coppenrath opened the door, followed Ortiz into her bedroom, and discovered the defendant sitting on the bed. Coppenrath instructed the defendant to "freeze," identify himself, and show his hands. Coppenrath then grabbed the defendant's hand and found him to be holding a zip-lock bag with smaller zip-lock bags within it, in a manner Coppenrath had previously seen used to package heroin. Coppenrath thereafter discovered other items of contraband on the defendant's person and placed the defendant under arrest.[2]

*Discussion.* The motion judge considered whether the search which led to the discovery of the defendant in the apartment exceeded the scope permitted by the arrest warrant, or the scope of the consent granted by Ortiz.[3] She concluded that the circumstances of Ortiz's arrest did not justify a protective sweep of the bedroom, and that the consent given by Ortiz to enter the apartment did not extend to her bedroom. We conclude that the search was permissible, and reverse.

Ortiz's consent constituted valid authority for the officers to enter her apartment.[4,5] Once inside, the officers were entitled to escort Ortiz (who was under arrest) into other areas of her residence, unless the officers orchestrated her movement as a pretext to facilitate a search of those areas. See *Commonwealth* v. *Lee*, 383 Mass. 507, 509-510 (1981); *Commonwealth* v. *Franco*, 419 Mass. 635, 641-642 (1995). See also *Washington* v. *Chrisman*, 455 U.S. 1, 6 (1982). There is no suggestion in the record that Coppenrath suggested that Ortiz leave her jewelry in her apartment and retrieve a jacket and identification as a pretext to cause her to go into her bedroom, and the judge made no finding of any such pretext. Indeed, there is nothing to indicate that Coppenrath knew or could have known at the time he made his suggestion that Ortiz would need to go into any other portion of her apartment.

---

[1]The officer testified that the outside temperature was about sixty degrees.

[2]The defendant does not contend that the search of his person was improper, once he was discovered in the bedroom.

[3]No issue has been made of the defendant's expectation of privacy in his mother's bedroom. See *Commonwealth* v. *Blevines*, 54 Mass. App. Ct. 89, 97 n.15 (2002), *S.C.*, 438 Mass. 604 (2003).

[4]Our view of the case does not require us to adopt the Commonwealth's suggestion that the police were entitled to enter the apartment to execute the warrant for Ortiz's arrest. See *Commonwealth* v. *Pietrass*, 392 Mass. 892, 897 (1984). The motion judge found that Ortiz was in the hallway outside her apartment when Coppenrath placed her under arrest.

[5]That Ortiz gave her consent "while under arrest does not preclude a finding that the consent was voluntarily given." *Commonwealth* v. *Franco*, 419 Mass. 635, 642 (1995).

As the defendant's motion to suppress relies solely on his contention that the officers' entry into the bedroom was unlawful, the order allowing the motion is reversed, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

*Patrick O. Bomberg,* Assistant District Attorney, for the Commonwealth.

*Paul J. McManus,* Committee for Public Counsel Services, for the defendant.