COMMONWEALTH *vs.* LUIS A. GONZALEZ.

No. 05-P-1627.

Plymouth. October 6, 2006. - December 27, 2006.

Present: KANTROWITZ, COWIN, & GRAINGER, JJ.

*Controlled Substances. Practice, Criminal,* Instructions to jury, Lesser included offense.

At the trial of indictments charging the defendant with trafficking in twenty-eight to ninety-nine grams of heroin and trafficking in twenty-eight to ninety-nine grams of cocaine, both within a school zone, the judge did not err in declining to instruct the jury on possession with intent to distribute as a lesser included offense of the two trafficking charges, where the judge recognized that, based on the evidence at trial and drawing all reasonable inferences therefrom, a rational jury could only conclude that the defendant was guilty either of trafficking or of simple possession, and instructed accordingly. [880-882]

INDICTMENTS found and returned in the Superior Court Department on November 26, 2001.

The cases were tried before *Linda E. Giles,* J.

*William T. Harrington* for the defendant.

*Mary E. Lee,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. In this case we are faced with the interaction of two common legal principles which ordinarily do not conflict, but theoretically do so in the unique facts here. The first principle is that a jury may believe all, some, or none of the testimony of a witness; the second principle is that the view of the evidence must be rational.

A jury convicted the defendant of trafficking in twenty-eight to ninety-nine grams of heroin (G. L. c. 94C, § 32E[*c*]); trafficking in twenty-eight to ninety-nine grams of cocaine (G. L. c. 94C, § 32E[*b*]); possession of marijuana with intent to distribute (G. L. c. 94C, § 32C); all within a school zone (G. L.

c. 94C, § 32J). The defendant appeals, asserting that the trial judge erred in refusing to instruct the jury on possession with intent to distribute as a lesser included offense of the two trafficking charges.[1] We affirm.

*Facts.* The Commonwealth alleged that, on September 13, 2001, while executing a default warrant for the arrest of the defendant's mother (for trespass and affray) at her apartment, a police officer observed the defendant sitting on the edge of a bed, with his hands at his waist, turned away from the officer.[2,3] After the officer secured the defendant's hands, he observed numerous glassine bags containing heroin on the bed. Several more bags of heroin and cocaine fell from the defendant's pocket when he attempted to retrieve his identification. The defendant was then arrested and a search of his waist area revealed a plastic bag containing $5,870 in cash, a cellular telephone charger, and additional bags of heroin, cocaine, and marijuana. The police also recovered a syringe from the defendant's pocket.

During the booking process at the police station, officers recovered small packets of powder cocaine that fell from the defendant's pants legs. During a strip search, additional packets of heroin, "crack" cocaine, and powder cocaine were found in the defendant's clothing, and a larger bag of heroin was protruding from the defendant's buttocks. The police subsequently executed a search warrant for the defendant's mother's apartment and discovered a large quantity of marijuana and hypodermic needles above the drop ceiling in the bathroom.

The police grouped the seized bags of drugs according to their packaging and apparent contents and then submitted them to the State police crime laboratory for testing.[4] In sum, the Commonwealth claimed the police seized 42.67 grams of heroin,

---

[1] The defendant makes no argument on appeal regarding the convictions of possession of marijuana with intent to distribute and of possession with intent to distribute in a school zone.

[2] The defendant did not have his own residence, and resided sometimes with his mother and sometimes with his girlfriend.

[3] The defendant filed a motion to suppress that was allowed. On the Commonwealth's appeal, that order was reversed. See *Commonwealth* v. *Gonzalez,* 60 Mass. App. Ct. 903 (2003).

[4] Drug analysis resulted in the following: sixty-nine plastic zip-lock bags of

55.04 grams of cocaine (32.35 grams of crack cocaine and 22.69 grams of powder cocaine), and 406.93 grams of marijuana.

In stark contrast, the defendant testified that the police planted all of the drugs except for a "few" "small" unidentified bags of heroin, cocaine, and marijuana that he admitted to possessing for his personal use. He specifically denied that there were any drugs found on the bed or that any drugs fell from his pockets when he reached for his identification. He also denied hiding marijuana above the bathroom ceiling. He claimed he had earned the $5,870 in cash by working "under the table" as a mechanic at the time of his arrest, and he admitted to a drug habit that cost as much as $250 to $300 per day.

At the close of the evidence, defense counsel requested, among other things, jury instructions on straight possession and possession with intent to distribute cocaine and heroin, as lesser included offenses of the trafficking charges. Counsel argued that the jury could find that the defendant was both a user and a dealer and that he intended to distribute the drugs he was not personally using. Counsel further argued that the jury were free to disbelieve the weights of the drugs alleged by the Commonwealth. The judge denied the request. She ruled that no rational fact finder could parse through the evidence as presented and determine that the defendant was dealing in anything less than twenty-eight to ninety-nine grams unless the jury believed the contention of the defendant that he was merely a user, in which case an instruction of straight possession was appropriate (and was given).

On appeal, the defendant presses the same argument, claiming that because the jury were free to believe or disbelieve any of the evidence presented at trial, they could have found that

---

sixty-seven percent pure heroin totaling 1.58 grams; one large bag of sixty-eight percent pure heroin weighing 41.09 grams; thirteen small bags of forty-six percent pure crack cocaine totaling 2.73 grams; twenty small bags of forty-six percent pure crack cocaine totaling 5.88 grams; one large bag of fifty-three percent pure crack cocaine weighing 23.74 grams; three bags of seventy-five percent pure powder cocaine totaling 0.35 grams; three medium bags of seventy-four percent pure powder cocaine totaling 16.68 grams; forty-nine small bags of seventy-six percent pure powder cocaine totaling 5.66 grams; one bag of marijuana weighing two grams; and three bags of marijuana totaling 404.93 grams.

the defendant possessed drugs in weights less than the amounts required for trafficking, but sufficient to support convictions for possession with intent to distribute.

*Discussion.* " 'A judge is required to charge the jury concerning lesser included offenses if the evidence provides a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense.' *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978). . . . '[A]ll reasonable inferences must be resolved in favor of the defendant,' *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 746 (1975)." *Commonwealth* v. *Egerton*, 396 Mass. 499, 503 (1986). (Footnote omitted.) "[The] 'elements differentiating the two crimes [must be] sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.' " *Id.* at 504, quoting from *United States* v. *Brischetto*, 538 F.2d 208, 209 (8th Cir. 1976).

"[P]ossession with intent to distribute is a lesser included offense of . . . trafficking . . . ." *Commonwealth* v. *Owens*, 414 Mass. 595, 608 (1993). A defendant charged with trafficking in a controlled substance is entitled to an instruction on a lesser included offense if the weight of the drugs is sufficiently disputed. See *Commonwealth* v. *Johnson*, 32 Mass. App. Ct. 355, 358 (1992). Even assuming that the weight was in dispute,[5] the defendant does not benefit. Based on the evidence at trial and drawing all reasonable inferences therefrom, a rational jury could come to only one of two possible conclusions concerning the two trafficking charges: the defendant was either guilty of trafficking or of simple possession. The judge recognized this and so instructed the jury. She was not required, in this case, to instruct the jury on the lesser included offense of possession with intent to distribute.

First, at trial the defendant categorically denied intending to distribute the relatively small amounts of drugs that he admitted possessing. Moreover, he did not, while testifying, identify any

---

[5]The defendant does not challenge the accuracy of the weights of the drugs introduced by the Commonwealth. Rather, he argues that most of the drugs were planted by the police. His denial that he possessed all of the drugs does not necessarily put the weight in dispute. "Since the weight was uncontested, an instruction on the lesser included offense was not required." *Commonwealth* v. *Johnson*, 32 Mass. App. Ct. at 358.

of the drugs (except for the two-gram bag of marijuana), introduced by the Commonwealth, as his.[6] The jury thus were left, at the conclusion of the evidence, to speculate as to the specific amounts the defendant possessed. "For the jury to reach [the conclusion urged by the defendant] would have required them to engage in speculation, and jurors are not permitted to speculate." *Commonwealth* v. *Paton*, 31 Mass. App. Ct. 460, 464-465 (1991).

Second, as the trial judge noted, trafficking in fourteen to twenty-seven grams of cocaine or heroin is also a lesser included offense of trafficking in twenty-eight to ninety-nine grams. See G. L. c. 94C, § 32E($b$). Yet, the defendant did not request that instruction, nor was the judge in any position to give it, as the weight of the drugs the defendant admitted possessing was unknown.

Third, just because testimony is disbelieved does not make the contrary view fact; there must still be credible evidence as to that other view. "Disbelief of a witness is not affirmative evidence of the opposite proposition." Note to Instruction 2.07

---

[6] The defendant indicated that the "few" "small" bags of heroin, powder cocaine, and marijuana came from a police search of his person in his mother's apartment. He denied any connection whatsoever to the crack cocaine. The Commonwealth alleged that the powder cocaine came from three sources: (1) three bags found in the defendant's pockets when he retrieved his identification at the apartment or from his clothing at the police station, consisting of 0.35 grams; (2) the three medium bags from either of the same places, consisting of 16.68 grams; and (3) the forty-nine small bags from his pants leg at the police station, weighing 5.66 grams. It is doubtful that the defendant was referring to (2) above, given the weight of the cocaine found in those bags, or to (3) above, given the large number of bags. He may have been referring to (1), but he specifically denied possessing (1) when it was presented to him on cross-examination.

The Commonwealth alleged that the heroin came from two sources: (1) sixty-nine bags on the bed weighing 1.58 grams; and (2) one large bag weighing 41.09 grams from the strip search. The defendant specifically denied that any drugs were found on the bed or that he had any drugs on his person when he went to the police station where the strip search took place.

The marijuana to which the police testified allegedly came from two sources: (1) a bag weighing 2.0 grams came from the defendant's pants pocket while police were in the apartment; and (2) three separate bags totaling 404.93 grams found above the bathroom ceiling. The defendant admitted to having a "little bit" of marijuana in his pocket, but specifically denied storing any marijuana in the bathroom ceiling. As indicated earlier, the marijuana convictions are not before us.

(Credibility of Witness), Model Jury Instructions for Use in the District Court (1997), citing *Commonwealth* v. *Swartz*, 343 Mass. 709, 713 (1962).[7] See Massachusetts Superior Court Criminal Practice Jury Instructions § 1.8 (1999).

Fourth, defense counsel argued that the jury could believe, notwithstanding his client's testimony, that the defendant intended to use some of the drugs personally, while distributing other portions. In *Commonwealth* v. *Tata*, 28 Mass. App. Ct. 23, 25 (1989), the defendant argued that "the Commonwealth is bound to prove, out of the total quantity of the drug the defendant possessed, what amount thereof he intended to distribute, and it is that amount which fixes the range or bracket of the trafficking, e.g., whether 28-100 or 100-200 [grams]." This court rejected that argument, ruling that "the quantity of rock possessed by the defendant fixed the trafficking bracket so long as there was an intent to distribute some part of it." *Ibid.*

Lastly, in an analogous situation, in *Commonwealth* v. *Donlan*, 436 Mass. 329, 336 (2002), the defendant contended "because the victim's testimony came ten years after the incident [charging rape of a child under sixteen], the jury could have disbelieved her memory with regard to whether penetration occurred, but still have found that an indecent assault and battery took place." The Supreme Judicial Court rejected this contention, holding that the evidence needed to place the element in dispute "cannot be the mere possibility that the jury might not credit a portion of the Commonwealth's evidence." *Id.* at 337.

*Conclusion.* It was not the defendant's credibility or lack thereof[8] that was at issue concerning the requested jury instruction. See *Commonwealth* v. *Egerton*, 396 Mass. at 503-

---

[7]Indeed, Instruction 2.07 of the Model Jury Instructions for Use in the District Court (1997) deals with the issue raised by the defendant. Initially, it states that a jury "may believe everything a witness says, or only part of it or none of it." *Ibid.* It continues on however, instructing the jurors that "[i]f you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue." *Ibid.*

[8]For example, the defendant was arrested with $5,870 on his person, despite being an unemployed mechanic paid under the table with an admitted drug habit that cost as much as $250 to 300 per day.

504, quoting from *Commonwealth* v. *Campbell*, 352 Mass. 387, 398 (1967) ("The fact that the evidence may not be of a character to inspire belief does not authorize the refusal of an instruction based thereon. . . . That is a question within the exclusive province of the jury"). The judge properly denied the request because there was no rational basis for the instruction based upon the evidence presented at trial.

*Judgments affirmed.*