## Commonwealth *vs.* Junior Martinez-Guzman.

No. 08-P-1269.

Middlesex. November 17, 2009. - January 22, 2010.

Present: Rapoza, C.J., Smith, & Lenk, JJ.

*Motor Vehicle,* License to operate, Operating under the influence. *Registrar of Motor Vehicles,* Revocation of license to operate. *Evidence,* Authentication of document.

At a criminal trial where the prosecutor attempted to introduce in evidence documents from the registry of motor vehicles detailing the driving history of the defendant, including the revocation of his license, the facsimile stamped signature of the registrar of motor vehicles on an accompanying certification was an attestation sufficient to authenticate the records within the meaning of G. L. c. 233, § 76. [169-172]

The evidence at a criminal trial was sufficient to support the defendant's conviction of operating a motor vehicle after his license had been either suspended or revoked as a result of operating a motor vehicle while under the influence of alcohol (OAS for OUI), as well as the defendant's conviction of failing to identify himself to a police officer [172]; further, the judge did not err in denying the defendant's motion to dismiss the OAS for OUI charge for failure to issue a citation [172].

The evidence at a criminal trial did not implicate the defendant's postarrest silence. [172]

Complaints received and sworn to in the Framingham Division of the District Court Department on March 27, 2007, and April 26, 2007.

The cases were heard by *Douglas W. Stoddart,* J., and a question of law was reported by him.

*Russell W. Fuller* for the defendant.

*Lisa A. Szulborski,* Assistant District Attorney, for the Commonwealth.

Smith, J. The defendant was the subject of criminal complaints charging him with (1) operating a motor vehicle after his license had been either suspended or revoked as a result of operating a

motor vehicle while under the influence of alcohol (OAS for OUI), and (2) failing to identify himself to a police officer.[1] Prior to trial, the defendant filed a motion to dismiss the OAS for OUI charge, claiming that no citation issued, in violation of G. L. c. 90C, § 2. After a nonevidentiary hearing, the motion was denied.

Both complaints proceeded to trial before a District Court judge sitting without a jury. The prosecutor attempted to introduce in evidence Registry of Motor Vehicles (RMV) documents detailing the driving history of the defendant, including the revocation of his license. The documents were accompanied by a certificate containing a stamped attestation of the Registrar of Motor Vehicles (registrar), certifying that the documents were true copies of the RMV records. The defendant objected to the admission of the documents, claiming that the certification was not properly attested because it bore the stamped signature of the registrar and not her written signature. The judge suspended the trial and requested that counsel for each side provide a memorandum regarding whether a stamped signature of the registrar qualifies as an attestation under G. L. c. 233, § 76.

After both sides complied with the judge's request, the judge ruled that the stamped signature was a proper signature and admitted the RMV documents in evidence. The judge stated, however, that he would report to this court the question whether a stamped signature on a certificate authenticating RMV documents is a proper attestation. Mass.R.Crim.P. 34, as amended, 442 Mass. 1501 (2004).

The trial concluded and the judge found the defendant guilty of both charges, but did not sentence the defendant on the OAS for OUI conviction because of the reported question. After the report was filed, the defendant filed a timely appeal.

In his appeal, the defendant claims as an issue the same question reported by the judge, namely, whether the stamped signature of the registrar on the certificate was an attestation sufficient to authenticate the RMV documents. Other issues are as follows: (1) the evidence was not sufficient to support the defendant's conviction of OAS for OUI where the RMV documents were

---

[1] The defendant also was charged with OAS for OUI, subsequent offense, but this charge was dismissed.

admitted in error; (2) the evidence was insufficient to support his convictions of both charges because it failed to establish that the defendant was the same individual named in the complaint; (3) the prosecutor committed reversible error when he improperly questioned the defendant about his postarrest silence; and (4) the judge committed error in denying the defendant's motion to dismiss the OAS for OUI charge for failure to issue a citation.

*Facts.* On March 27, 2007, at approximately 7:00 A.M., a Holliston police officer, Matthew Waugh, observed a sedan bearing a failed inspection sticker. After querying the registration, he stopped the vehicle, approached the operator, and requested his license and registration. The operator, who was the defendant, did not have his license with him, and gave a false name and date of birth. Waugh checked the information and, upon obtaining some information from dispatch, again asked the defendant for his name and date of birth. The defendant repeated the false name, but gave a different birth date. After getting further information from dispatch, Waugh arrested the defendant for operating without a license and transported him to the police station.

During booking, Waugh was shown a photograph of the defendant's license, which contained the name "Junior Martinez." Waugh then called the defendant "Junior Martinez" and the defendant did not make any response.

*Discussion.* 1. *The attestation issue.*[2] General Laws c. 233, § 76, as amended through St. 1997, c. 164, § 282, provides:

> "Copies of books, papers, documents and records in any department of the commonwealth or of any city or town, authenticated by the attestation of the officer who has charge of the same, shall be competent evidence in all cases equally with the originals thereof; provided, that, except in the case of books, papers, documents and records of the department of telecommunications and energy in matters relating to common carriers, and of the registry

[2] As we stated, *supra*, the issue as to the proper attestation raised by the defendant on appeal mirrors the question in the report the District Court judge requested we answer. We decide the issue in the context of the defendant's appeal rather than in the judge's report. "[W]e will not reach [reported] questions that may become unnecessary to decide." *Commonwealth* v. *Bankert*, 67 Mass. App. Ct. 118, 121 (2006). Therefore, the report will be discharged.

of motor vehicles, the genuineness of the signature of such officer shall be attested by the secretary of the commonwealth under its seal or by the clerk of such city or town, as the case may be.''

The language of the statute does not specify the form an attestation must take, or further define that term. We observed, however, in *Commonwealth* v. *Johnson*, 32 Mass. App. Ct. 355, 357 (1992), citing *Finnegan* v. *Lucy*, 157 Mass. 439, 443 (1892), that "[i]t is a well established principle that in the absence of a statutory directive, a signature may be affixed in many different ways. It may be written by hand or it may be stamped, printed, or affixed by other means." The court held in *Johnson, supra* at 356-358, that a notary's facsimile signature stamped on a drug certificate met the requirements of G. L. c. 111, § 13, which does not specify the form in which a signature must appear on the certificate. The court reasoned that a judge's "rel[iance] on a facsimile signature does not detract from the statute's purpose, to simplify proof of chemical analyses performed routinely and accurately by a public agency and 'to reduce court delays and the inconvenience of having busy public servants called as witnesses.' '' *Id.* at 357, quoting from *Commonwealth* v. *Claudio*, 26 Mass. App. Ct. 218, 220 n.1 (1988), *S.C.*, 405 Mass. 481 (1989). See *Finnegan, supra* at 441 ("It has never been supposed that the statutory rule of construction now under consideration, as to written signatures, had so wide a scope as to set aside the established doctrines of law as to signatures, and to require a signature in the proper handwriting of a person in all cases where a document is to be signed by him; and such a construction should not be given to it, unless that clearly appears to have been the intention of the Legislature"). See also *Foss* v. *Wexler*, 242 Mass. 277, 282 (1922) (rubber stamp signature of street commissioners made by their duly authorized agent was valid in absence of statute or regulation to contrary).

The defendant principally relies on *Commonwealth* v. *Deramo*, 436 Mass. 40 (2002), in support of his argument. The facts of that case, however, distinguish it from the present matter. In *Deramo*, the Supreme Judicial Court held inadmissible under § 76 RMV records which bore a *copy* of an attestation, rather than an original mark. *Id.* at 45-46, 49. Furthermore, the documents put forth by the prosecutor in *Deramo* differed materially from the properly attested documents in the possession of the clerk's office.

*Id.* at 49. The documents in this case bear the original stamped signature of the registrar, and thus properly were attested. Therefore, unlike in *Deramo*, there is no question here about "the accuracy or completeness of a copy that the official has never seen and that the official's agency did not produce." *Id.* at 48.

We also note that the court in *Deramo* did not elaborate on the requirements of the actual mark of attestation, other than to note that it must be a "written and signed certification that it is a correct copy." *Id.* at 47, quoting from *Henderson* v. *United States*, 778 F. Supp. 274, 277 (D.S.C. 1991). Rather, given the facts of the case, the court's analysis focused on the purpose and requirements of the substantive component of an attestation, not on the particulars of the signature itself. *Ibid.* Therefore, despite the court's use of the term "written" in describing an attestation, we rely on the long-standing principle set out in *Finnegan* that the act of signing may be accomplished "by print, by stamp, or by the hand of another," *Finnegan, supra* at 443, and the failure of the Legislature to specify in the language of the statute any type of signature required, in concluding that the use of a facsimile stamped signature meets the requirements of a proper attestation pursuant to § 76.[3]

We add that the defendant's claim that there was no evidence that the registrar properly reviewed the RMV documents for

---

[3]The defendant submitted a letter to this court after oral argument, arguably in accordance with Mass.R.A.P. 16(l), as amended, 386 Mass. 1247 (1982), in which he contends for the first time that the admission of the attested records from the RMV violated his right to confrontation under the Sixth Amendment to the United States Constitution on the basis of the United States Supreme Court's decision in *Melendez-Diaz* v. *Massachusetts*, 129 S. Ct. 2527 (2009). The defendant waived this claim by his failure to present the argument in his appellate brief, which was filed after certiorari had been granted in *Melendez-Diaz.* See *Commonwealth* v. *Horton*, 434 Mass. 823, 836 & n.15 (2001). See also Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

In any event, this claim is without merit where it is clear that the RMV is an independent agency of State government charged with keeping complete records on the status of drivers' licenses and "a record of all convictions of persons charged with violations of the laws relating to motor vehicles." G. L. c. 90, § 30, as amended by St. 1990, c. 256, § 5. Unlike the certificates at issue in *Melendez-Diaz*, which are created solely to prove an element of the prosecution's case, RMV records are maintained independent of any prosecutorial purpose and are therefore admissible in evidence as ordinary business records under G. L. c. 233, § 78, as well as pursuant to G. L. c. 233, § 76. See *Commonwealth* v. *Hogan*, 7 Mass. App. Ct. 236, 250-251 (1979).

correctness and accuracy is purely speculative. Even if the registrar did not personally stamp the certificate, G. L. c. 90, § 30, permits an authorized agent of the registrar to attest to RMV documents.[4]

2. *Other issues*. We resolve the other issues raised by the defendant in summary fashion.

The Commonwealth introduced sufficient evidence to support the defendant's conviction of OAS for OUI. The evidence was also sufficient to prove identification because the defendant gave an address that matched the RMV records and did not contradict the officer when he called the defendant by his correct name. The evidence at trial concerned what happened at the time the defendant was being booked and did not implicate the defendant's postarrest silence. See *Commonwealth* v. *White*, 422 Mass. 487, 501 (1996).

Finally, the judge did not commit error in denying the defendant's motion to dismiss the OAS for OUI charge. The record shows that the defendant had notice, and the purposes of G. L. c. 90C, § 2, were satisfied. See *Commonwealth* v. *Gorman*, 356 Mass. 355, 357-358 (1969); *Commonwealth* v. *Moulton*, 56 Mass. App. Ct. 682, 684-685 (2002).

The judgment on the failure to identify conviction is affirmed. The conviction of OAS for OUI is affirmed, and the case is remanded to the District Court for sentencing on that conviction. The report is discharged.

*So ordered.*

---

[4]General Laws c. 90, § 30, as amended by St. 1956, c. 351, provides in relevant part: "The registrar may issue a certified copy, attested by him *or his authorized agent* . . . . Certified copies of such records of the registrar, attested by the registrar *or his authorized agent*, shall be admissible as evidence in any court of the commonwealth to prove the facts contained therein." (Emphases supplied.)