NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-22

COMMONWEALTH

vs.

DIANE G. MORRILL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bifurcated trial, the defendant was convicted of operating a motor vehicle while under the influence of alcohol (OUI), fourth offense.[1]  On appeal, the defendant challenges (1) the sufficiency of the evidence, (2) misstatements of evidence in the prosecutor's closing, and (3) the absence of a waiver colloquy prior to a bench trial on the subsequent offense portion of the charge.[2]  We conclude that the evidence before the jury was sufficient to find that the defendant operated her vehicle while under the influence of alcohol and that errors in

---

[1] After the jury trial, the "third offense or greater" element was tried in a bench trial.  See G. L. c. 278, § 11A.

[2] The defendant also was found responsible on a marked lanes violation pursuant to G. L. c. 89, § 4A, and possession of an open container in a motor vehicle in violation of G. L. c. 90, § 24I.  Both findings were filed, are not addressed on appeal by the defendant, and are not otherwise before us.

the Commonwealth's closing argument did not prejudice the defendant.  We vacate so much of the judgment as found the defendant guilty of a fourth offense but otherwise affirm the judgment on the underlying conviction of OUI.

1.  Sufficiency of the evidence.  "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017), quoting Commonwealth v. Oberle, 476 Mass. 539, 547 (2017).  Because the defendant challenges only the sufficiency of the evidence of intoxication, we focus only on that element.  See G. L. c. 90, § 24 (1) (a) (1); Commonwealth v. Coleman, 434 Mass. 165, 167 (2001) (where defendant only challenged finding of deliberate premeditation, Supreme Judicial Court only considered sufficiency of evidence relevant to that element).

Viewing the evidence in the required light, the defendant was stopped by Officer Zachary Schaeffer after he observed the defendant driving in marked parking spaces, crossing the double yellow line, swerving in the right lane, and nearly hitting a telephone pole.  The defendant had trouble finding her registration and her eyes were bloodshot and glassy.  The

2

officer smelled an odor of alcohol on her breath.  She admitted to having one drink that evening.  The officer observed an open bottle of Sam Adams in the driver's door and an open package of Budweiser beer on the front passenger side of the car (though the cans were not open).

The officer asked the defendant to follow his pen with just her eyes, but she was unable to follow the instructions and moved her head.  The officer began explaining the nine-step walk-and-turn field sobriety assessment.  The defendant was agitated and belligerent while she attempted to perform field sobriety tests.  The officer noticed that the defendant swayed, was unsteady on her feet and, at one point, the officer had to grab the defendant's arm to keep her from falling over.  Once in the police cruiser, the defendant banged against the cruiser door.  During the booking process, the defendant did not listen to instructions.  A second officer who was present for the booking process testified to the defendant's belligerent behavior, bloodshot eyes, slurred speech, and other signs of intoxication.

This record is more than sufficient to support the jury's finding.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017) (Commonwealth presented sufficient proof where jury heard evidence of classic signs of alcohol intoxication, such as bloodshot and glassy eyes, odor of alcohol, slurred

3

speech, imbalance, inability to follow directions, difficulty standing); Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 545 (2008) (evidence of driver's erratic driving, bloodshot eyes, scent of alcohol, slurred speech, and unsteady gait, with presence of empty alcohol containers in vehicle, sufficient to support OUI conviction).

Nor did the Commonwealth's case deteriorate once the defendant presented her case, which was limited to the testimony of a friend, who testified that he left an empty Sam Adams beer bottle in the defendant's driver's side door shortly before the defendant was stopped. While the defendant's evidence could have provided the jury with an alternate reason for the presence of the beer bottle in the door, it did not show any of the Commonwealth's evidence to be "incredible or conclusively incorrect" and, as a result, did not deteriorate the Commonwealth's proof. Commonwealth v. Gomez, 450 Mass. 704, 710 (2008), quoting Commonwealth v. O'Laughlin, 446 Mass. 188, 203 (2006). See Commonwealth v. Walter, 10 Mass. App. Ct. 255, 260-261 (1980) (denial of renewed motion for required finding of not guilty appropriate where defendant's evidence created a mere conflict for jury to decide).

2. Closing argument. The defendant argues that the prosecutor misstated the evidence in four respects. Because the defendant objected at trial, we review for prejudicial error.

4

Commonwealth v. Wilson, 427 Mass. 336, 351 (1998).  "In determining whether an argument was improper we examine the remarks 'in the context of the entire argument, and in light of the judge's instructions to the jury and the evidence at trial.'"  Commonwealth v. Gaynor, 443 Mass. 245, 273 (2005), quoting Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 231 (1992).

The first two statements with which the defendant takes issue were not misstatements.  The testimony of the arresting officer established that the defendant banged against the cruiser door.  It was reasonable for the prosecutor to argue based on that testimony that the defendant kicked the cruiser door.  The prosecutor's statement that the defendant was uncooperative during fingerprinting may have been imprecise because officers testified that the defendant was uncooperative during booking, but it was not error.

The Commonwealth concedes that the prosecutor made two misstatements of fact in her closing argument.  First, she stated that both officers testified that the defendant was slurring her words when only the second officer so testified.  Second, the prosecutor was incorrect in stating that the defense witness testified that he did not typically drink Sam Adams.  We agree, however, that neither misstatement amounted to prejudicial error.  The defendant had admitted to having one

5

drink that evening so whether that drink was the open Sam Adams in the driver's door is a collateral issue. Whether one officer or both testified that the defendant's speech was slurred was an isolated remark in the context of the entire argument. These minor misstatements were "tempered by the repeated instructions of the judge and the strong weight of the evidence presented against [the defendant]." Commonwealth v. Maynard, 436 Mass. 558, 571 (2002). After defense counsel objected, the judge instructed the jury that closing arguments were not evidence, that the jury's memory of the testimony controlled, and the Commonwealth bore the burden of proof. In the context of the trial as a whole, we can say "with fair assurance . . . that the judgment was not substantially swayed." Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994), quoting Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 445 (1983).

3. Waiver of jury trial. In Ciummei v. Commonwealth, 378 Mass. 504, 509 (1979), the Supreme Judicial court "established a bright-line rule . . . that to effectively waive [their] right to a jury trial, a defendant must sign a written waiver form pursuant to G. L. c. 263, § 6, and the trial judge must conduct a colloquy to assure himself that the defendant's waiver was voluntary, knowing, and intelligent." Dussault, 71 Mass. App. Ct. at 547. While defense counsel acknowledged that the defendant would be seeking a jury-waived trial on the subsequent

6

offense portion, the defendant never signed a written waiver "nor did the trial judge conduct a colloquy to determine whether the waiver was voluntary and intelligent." Id. at 548.[3]  As the Commonwealth concedes, the judge's failure to adhere to the procedures set out in Ciummei entitles the defendant to a new trial on the elements tried before the judge.[4]

Conclusion.  We affirm the judgment on the underlying conviction of OUI, but so much of the judgment as found the defendant guilty of a fourth offense is vacated and the finding is set aside.  The sentence on the OUI conviction is vacated,

---

[3] The record indicates that the jury's verdict was taken by a judge (second judge) who was not the judge who presided over the jury verdict.  The defendant objected to this second judge presiding over the bifurcated portion of the trial.  This second judge conducted no colloquy but scheduled the subsequent offense portion of the matter for trial on June 29, 2023.  Neither party informed the first judge that a colloquy had not been conducted.

[4] The defendant further challenges the documentary evidence underlying the subsequent offense finding.  The defendant has not included the challenged documents in the record, therefore we need not -- and cannot -- reach this issue.  See Commonwealth v. Woody, 429 Mass. 95, 97 (1999) (listing cases recognizing that failure of appellant to provide appellate court with adequate record may preclude review); Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018) (generally, failure to provide adequate record "fatal" to appeal).  A review of the transcripts suggests that trial counsel objected to the admissibility of certain registry of motor vehicles records on the basis that they were stamped by the registrar but did not contain a statement showing that an authorized agent affixed the stamp.  This argument is likely unavailing, particularly where the evidence also included three certified prior convictions, including an OUI third conviction. See Commonwealth v. Martinez-Guzman, 76 Mass. App. Ct. 167, 172 (2010) (stamp of original signature of registrar sufficient for attestation).

and the case is remanded for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Henry, D'Angelo & Hodgens, JJ.[5]),

Assistant Clerk

Entered: February 26, 2024.

---

[5] The panelists are listed in order of seniority.

8